4420.   FITZGERALD TRUST COMPANY *v.* BURKHART.

1. Under the Civil Code (1910), § 3354, a mechanic has a special lien for work done and material furnished in manufacturing or repairing personal property, "which may be asserted by retention of such property, or the mechanic may surrender such personal property and give credit." When possession of the property is surrendered to the debtor, the mechanic shall declare his claim of lien within ten days, as provided by the statute. In either event—whether he asserts his lien by retention of the property or by surrendering possession and recording his lien—he may enforce payment by foreclosure proceedings according to the provisions of the Civil Code (1910), § 3366.

2. Where a mechanic has asserted his lien on personal property for repairs thereon, in either one of the methods above stated, and has enforced payment thereof by foreclosure proceedings, under § 3366, supra, and the property has been seized and sold by the sheriff under the foreclosure proceedings, and the owner has failed to contest the right to the lien by making a counter-affidavit as provided by paragraph 6 of section 3366, supra, he can not bring trover against the mechanic for the recovery of the property on the ground that the sale under the foreclosure proceedings, the mechanic still retaining possession of the property, amounted to a conversion thereof.

DECIDED FEBRUARY 4, 1913.

Trover; from city court of Fitzgerald—D. E. Griffin, judge pro hac vice. September 11, 1912.

*Elkins & Wall,* for plaintiff. *McDonald & Grantham,* for defendant.

HILL, C. J. The Fitzgerald Trust Company delivered to Burkhart, a mechanic, an automobile for the purpose of having it re-

paired by him.. Burkhart, claiming to have repaired the machine, asserted his lien for the work done, by a retention of the property, subsequently foreclosing his lien under the provisions of the Civil Code (1910), § 3366. The automobile, still in the possession of Burkhart, the mechanic, was seized by the sheriff by virtue of the lien foreclosure, and was duly advertised and sold as provided by the statute. After this the Fitzgerald Trust Company, denying that Burkhart had made the repairs on the automobile as required, and contesting the correctness of his claim for such repairs, brought suit in trover against him to recover the automobile, alleging that the sale under the foreclosure proceedings by Burkhart amounted to a conversion of the automobile. Burkhart relied upon the defense that the foreclosure proceedings were in every respect valid and did not amount to a conversion. The trial court, at the conclusion of the evidence for the plaintiff, awarded a nonsuit.

1. The question raised by the record depends upon the construction of section 3354 of the Civil Code. It is contended by the plaintiff in error that under this section the right to foreclose in accordance with § 3366 arises only in the event that the property on which the lien is claimed has been surrendered and the claim of lien recorded, as provided by that section; in other words, that the lien holder has no right to foreclose, unless he has surrendered the property and has recorded his lien under the provisions of that section; and that in the present case, the evidence being uncontroverted that the lien holder retained possession of the property and had not recorded his lien, the foreclosure proceedings were invalid and amounted to a conversion by the mechanic of the automobile sued for. The question thus raised is not entirely free from doubt, but from a careful examination of the different statutes relating to mechanics' liens, we have come to the conclusion that the judgment of the trial court must be affirmed. By the act of February 24, 1873 (Acts 1873, p. 42, § 8), embodied in section 1981 of the Code of 1873, it was provided that all mechanics of every sort, for work done and material furnished in manufacturing personal property, or for repairing personal property, should have a special lien on the same, which must be asserted by retention of such property, and not otherwise; said lien being lost by the surrender of such property to the debtor. Under this statute it was held, in the case of *Hurley* v.

*Epps,* 69 *Ga.* 611, that if the mechanic, having asserted his lien by the retention of the property, decides nevertheless to sell it himself in order to pay himself, then he must foreclose before selling under § 1991, now § 3366, supra; and, following the express language of the code (codifying the act of 1873), it was declared that the lien was lost if the mechanic delivered possession of the property to the bailor. Under this statute it is manifest that the only method of asserting the mechanic's lien was the retention of the possession of the property, and if this possession was surrendered, the lien was lost. It can be readily seen that this might in some instances be unjust to the mechanic. He might not want to keep the property in his possession until he could enforce his lien by foreclosure. It might, in some instances, be to his interest to surrender possession, and, nevertheless, assert and retain his lien.

To meet this exigency, the act of 1884, embodied in the Civil Code (1910), § 3354, was passed. This act amended the statute in the essential respect that it gave the right to the mechanic, under certain conditions, to surrender the personal property and still retain his lien and enforce it in accordance with the provisions of the code (Civil Code of 1895, § 2816; Civil Code of 1910, § 3354). This act of 1884 (Acts 1884-5, p. 43), simply amended the law on the subject as it then stood, by giving the right to the mechanic to surrender the possession of the property to the debtor and, nevertheless, to retain his lien, the language being as follows: "When they surrender possession of the property to the debtor, such mechanics shall record their claim of lien, within ten days after such work is done and material furnished," etc. So, as the law now stands, the mechanic does not lose his lien by the surrender of the property on which he claims his lien, but he has a right to assert that lien in two ways: (1) by a retention of the property; or (2) he "may surrender such personal property and give credit," asserting and retaining his lien by a record of the claim of lien, as provided in the statute. Whether the mechanic asserts his lien by the retention of the property, or by the surrender of possession and record of his lien, he can not enforce his lien except by foreclosure proceedings under the provisions of § 3366, supra. It may be stated that the method of the foreclosure of these liens has remained substantially the same since the act of 1873.

2. It is contended by counsel for the plaintiff in error that if a mechanic were allowed to foreclose his lien while he still retained possession of the property, and without notice to the bailor, or surrender of the property, this would work a hardship to the latter, especially if for any reason the latter should be called out of the State for ten days and should, therefore, have no notice of the foreclosure proceedings; and that his property would thus be taken from him without due process of law. The foreclosure statute provides that the mechanic must make a demand on the owner or bailor for payment of the amount of his claim, and such demand and a refusal to pay must be averred. The demand for payment would certainly be a notice of the claim that the mechanic was complying with the statute in reference to foreclosure.

If the owner or bailor desires to contest the validity of the claim of the mechanic, the statute provides that he may do so by filing an affidavit setting forth the grounds of his contention, or his denial of the existence of such lien. See paragraph 6 of § 3366, supra. If the owner or bailor of the property, after demand for payment, refuses to make the counter-affidavit, he simply neglects to avail himself of that due process of law which the statute provides for the purpose of testing the right of the mechanic to his lien; and, failing to do either one of the two, it would seem not only that his property is taken from him by due process of law, under the provisions of the statute; but that the deprivation of any right he might have had in the premises is due to his own laches.

For the reasons stated, we think the judgment of the lower court should be affirmed. *Judgment affirmed.*