14574.    DANIEL *v.* BLACKWELL.

Assertion of a lien by retention of the property, under the Civil Code (1910), §§ 3354, 3356, was not shown by the evidence as to the possession of the lumber hauled from the plaintiff's sawmill and placed on the right of way of the railroad for the defendant; and, the plaintiff having failed to record his claim of lien, the verdict in his favor was without evidence to support it. (BROYLES, P. J., dissents.)
DECIDED OCTOBER 3, 1923.

Foreclosure of lien; from Lamar superior court — Judge Searcy. March 14, 1923.

*Claude Christopher,* for plaintiff in error, cited: Civil Code

(1910), §§ 3354, 3356; 116 *Ga.* 814; 1 *Ga. App.* 575; 106 *Ga.* 755; 3 *Ga. App.* 523; 13 *Ga. App.* 450; Id. 496; 136 *Ga.* 492, 494 (8); 27 *Ga. App.* 386; 25 Cyc. 661.

*Le Sueur & Le Sueur,* contra, cited: Civil Code (1910), §§ 4125, 3354, 3356; 58 *Ga.* 56 (4); 46 *Ga.* 402; 106 *Ga.* 755, 3 *Ga. App.* 522, 13 *Ga. App.* 450 (distinguished).

LUKE, J. W. T. Blackwell as the proprietor of a saw-mill brought proceedings to foreclose a lien on certain lumber sawed from timber furnished by P. G. Daniel, and described as " now being on the right of way of the Southern Railway Company at Musella, Georgia." Daniel filed his counter-affidavit denying that he owed the plaintiff anything, and claiming an indebtedness of a stated sum by the plaintiff to him. The jury found a money verdict for the plaintiff for the full amount sued for, and the court entered a judgment against Daniel and the security on his eventual condemnation-money bond for the amount of the verdict. By his motion for new trial the defendant presented but one contention, namely, that the evidence failed to show either that the plaintiff was in possession of the lumber levied on, or that he had filed his claim of lien for record as required by the statute. No claim of lien was recorded. All the evidence illustrating the question at issue is as follows: Plaintiff swore: " The lumber levied on was on the right of way of the Southern Railroad at Musella, Georgia, which is about three miles from the place where I sawed it. Wagons employed by Mr. Daniel hauled the lumber from the mill to the railroad for Mr. Daniel. Daniel was to have control over it when paid for on the right of way of the railroad. I considered it in my possession, as it was not delivered to Daniel until paid for. That was our contract." Defendant swore: " The lumber levied on was in my possession on the right of way of the railroad at Musella, Ga., which is three and one half or four miles from the mill where the lumber was sawed. I hired the wagons and paid them for hauling the lumber to the railroad."

1. It is a condition precedent to the foreclosure of a sawmillman's lien allowed under section 3356 of the Civil Code (1910), " for work done on material furnished by others," that the person claiming the lien must comply with section 3354 of the same code, either by retention of the property proceeded against, or, where the possession of the property is surrendered to the debtor,

by recording the claim of lien within ten days after the work is done and material furnished, in the office of the clerk of the superior court of the county where the owner of the property resides. *Richardson* v. *Mallory,* 13 *Ga. App.* 496 (79 S. E. 362); *Georgia Steel Co.* v. *White,* 136 *Ga.* 492 (8) (71 S. E. 890); *Jones* v. *Newsome,* 27 *Ga. App.* 386 (2) (108 S. E. 558).

2.   Lien laws are in derogation of common law and must be strictly construed, and persons invoking these remedies must clearly prove the facts necessary to constitute the lien. *Hawkins* v. *Chambliss,* 116 *Ga.* 813 (43 S. E. 55).

(*a*)   The evidence was insufficient to show that plaintiff asserted his lien " by a retention of the property," and the verdict was without evidence to support it.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*