(September 13, 1924.)

## CARLSON–LUSK HARDWARE COMPANY, a Corporation, Appellant, v. HENRY KAMMANN et al., Respondents.

[229 Pac. 85.]

LIEN LAWS—PRIORITY OF LIEN—PLEADING.

1. In the absence of express provision, a lien created by statute is subsequent to other liens which are prior in time.

2. Lien laws are in derogation of the common law, and persons invoking such remedies must clearly prove the facts necessary to constitute the lien.

3. A complaint to enforce a lien must affirmatively allege the facts upon which the validity of the lien depends.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action to foreclose mortgage.   Judgment for defendants. *Modified* and *affirmed.*

Wm. M. Morgan and J. B. Eldridge, for Appellant.

E. A. Walters, R. P. Parry and A. B. Barclay, for Respondents.

Bissell & Bird and Richards & Haga, *Amici Curiae.*

Counsel cite no authorities on points decided.

BRINCK, District Judge.—The plaintiff, who is the appellant, brought this action for the foreclosure of a mortgage upon land situated in Jerome county, including as a party defendant, the North Side Canal Company, Ltd., a corporation, hereinafter referred to as the canal company; the complaint alleging that the canal company claimed to have a lien upon said lands by virtue of C. S., secs. 3039, 3040 and 3041, and that its claim of lien was duly recorded in the office of the county recorder; and further alleging that whatever interest or lien said canal company had in or upon said premises was subsequent, inferior and subject to the lien of plaintiff's mortgage.   The mortgage was filed on December 26, 1919; and the canal company's lien was claimed for the maintenance and operation assessments of the year 1920, its claim of lien being filed December 31, 1920, being thus subsequent in point of time to plaintiff's lien.

The canal company answered the complaint, admitting the general allegations of the complaint, but denying the legal conclusion that plaintiff's lien was superior to its own. By way of cross-complaint, the canal company alleged that it is a corporation engaged in operating, in whole, irrigation works constructed and used for the purpose of furnishing water to lands granted, segregated and set apart to the state of Idaho under the Carey Act (8 Fed. Stats. Ann., p. 698; U. S. Comp. Stats., sec. 4685), the allegations in this connection bringing said defendant within the general de-

scription of companies entitled to enforce a lien for main-
tenance and operation as they are defined in either C. S.,
sec. 3034, or C. S., sec. 3040; and alleged that the lands
involved here are watered by its said irrigation system; fur-
ther alleging that the sum of $60 with interest as provided
by the statute is due it by virtue of its claim of lien filed
as alleged in the complaint, which lien said defendant avers
is prior to the lien of plaintiff's mortgage. The cross-com-
plaint prays foreclosure of the said defendant's lien.

The trial court held the canal company's lien prior to
plaintiff's mortgage and decreed foreclosure of both. The
plaintiff appeals from that portion of the decree which ad-
judged the defendant's lien superior to the plaintiff's
mortgage.

None of the other defendants or parties in interest appeal,
and the question presented is, therefore, not whether the
canal company is entitled to any lien, but only as to whether
it is entitled to a lien superior to the lien of plaintiff's
mortgage.

C. S., chap. 138, art. 1, which is chap. 120 of the 1913
Session Laws, as amended, by granting a lien therefor,
provides a method of collecting maintenance and operation
assessments of Carey Act operating companies, which ap-
parently is the procedure followed by the canal company in
this case; but sec. 3039 provides that art. 1 shall not apply
to any corporation, company or association of persons, the
control of which is not actually vested in those entitled to
the use of the water from such irrigation works for the
irrigation of lands to which the water from such irrigation
works is appurtenant. With this proviso, this chapter pro-
vides that the lien of the operating company shall be a first
and prior lien, except as to the lien of taxes, upon the land
to which the water and water right is appurtenant or upon
which it was used.

C. S., chap. 137, based upon chap. 14 of the 1917 Session
Laws, provides that a company or corporation, operating in
whole or in part irrigation works for the furnishing of water
to lands granted, segregated or set apart by the United
States to the state of Idaho, under the Carey Act, where

such operating company is under the control, direction or management of persons other than the actual stockholders thereof, or where a majority of the stock in such company is represented by persons other than the owners thereof, either by agreement or contract, or is represented by such persons as trustees for the actual owners thereof, or where settlers or water users under such system of irrigation have contracted for the purchase of the stock in such operating company, shall file with the department of reclamation a statement showing among other things the proposed assessments against the water users of the project, which statement after publication shall be submitted to the department, and approved either in whole or in part by the department, and that such approval gives the company the right to assess, levy or enforce a lien for the collection of the assessments; but this chapter does not provide that such lien shall be prior to others then existing.

In the absence of express provision, a lien created by statute is subsequent to other liens which are prior in time. (25 Cyc. 678; *Peter Barrett Mfg. Co. v. Van Ronk*, 212 N. Y. 90, 105 N. E. 811; *Howard v. Burke*, 176 Iowa, 123, 157 N. W. 744, L. R. A. 1916E, 524; *Parker-Harris Co. v. Tate*, 135 Tenn. 509, 188 S. W. 54, L. R. A. 1916F, 935.)

The legislature therefore has provided that in case of a Carey Act operating company which is actually controlled by the water users themselves, the lien of maintenance and operation assessments is, under C. S., chap. 138, prior to all other liens save taxes; but that in case of a Carey Act operating company which is not so controlled by the water users and ultimate stockholders, the lien of its assessments, under C. S., chap. 137, does not have priority over pre-existing liens.

Conceding for the purposes of this case the validity of the statutes we have cited, the question of the priority of the canal company's lien in this case over the plaintiff's mortgage depends on whether the North Side Canal Company, Ltd., is actually controlled by the water users and is within the operation of C. S., chap. 138, or whether it is not so con-

trolled, and therefore is within the operation of C. S., chap. 137.

We cannot take judicial notice of the status of the North Side Canal Company, Ltd., in this respect; there is nothing whatsoever in the record, either in the allegations or proof, which shows whether or not that company is one the control of which is vested in those entitled to the use of the water from such irrigation works, and thus entitled to a prior lien, if any; and in the absence of such showing, the record is insufficient to sustain the priority awarded by the trial court.    To establish its right to a priority, the defendant company should have pleaded and proved, if true, the facts which would bring it within the operation of C. S., chap. 138.    As against this appellant, no lien is alleged or proven by the canal company.    Lien laws are in derogation of the common law, and persons invoking such remedies must clearly prove the facts necessary to constitute the lien.    (*Daniel v. Blackwell*, 30 Ga. App. 786, 119 S. E. 447.)    A complaint to enforce a lien must affirmatively allege the facts upon which the validity of the lien depends.    (*Duby v. Hicks*, 105 Or. 27, 209 Pac. 156.)

For the reasons stated, it is unnecessary and would be futile to consider in this case the constitutional questions raised by the appellants as to the statutes we have cited. The mortgagors and owners of the land not contesting on · this appeal the foreclosure of the canal company's alleged lien, the decree may stand except as to the priority awarded that lien over plaintiff's mortgage.    The first three assignments of error are well taken, but require only a modification and not a reversal of the judgment.    The judgment appealed from is modified to provide that the lien of appellant's mortgage shall be superior to the lien of the respondent North Side Canal Company, Ltd., and shall be first paid out of the proceeds of the property on the foreclosure sale; and as so modified, the judgment is affirmed.    Costs are awarded to appellant.

McCarthy, C. J., and William A. Lee and Wm. E. Lee, JJ., concur.