### 15553.  ALFORD *v.* YOUNG.

The testimony of a party to the case must be construed most strongly against himself; and where he in his testimony furnishes accurate data, from which it follows that the amount due is less than an amount given by him in his testimony as a general conclusion, the former will prevail.

DECIDED DECEMBER 18, 1924.  REHEARING DENIED JANUARY 17, 1925.

Lien foreclosure; from Floyd superior court—Judge Wright. March 1, 1924.

*M. B. Eubanks,* for plaintiff in error.

*Porter & Mebane,* contra.

STEPHENS, J.  H. L. Young sued P. E. Alford for an alleged balance due for services performed by the plaintiff in cutting and sawing timber for the defendant, under an alleged contract with the defendant. Although the plaintiff had testified that "all the balance had been paid except 49,000 feet," and that the defendant was due him $366 and some cents for sawing in excess of 49,000 feet, he further testified in detail that after the defendant had paid him the sum of $470 upon an accrued indebtedness of $600, he cut in addi-

tion "something like 18 or 20 thousand feet." This, at the contract price of $7.50 per thousand, would make an additional indebtedness in an amount not exceeding $150. It appears, therefore, that the balance due by the defendant to the plaintiff, under the plaintiff's own testimony, could not exceed $280.

The plaintiff's evidence·must be construed most strongly against him. It follows that where his evidence, as above, arithmetically establishes that the indebtedness to him does not exceed a certain amount, his testimony by way ·of a general conclusion, that the indebtedness was much larger, must yield to the ·lesser amount established arithmetically by the plaintiff in his testimony.

A verdict in the amount of $331 principal is therefore unsupported by the evidence.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*