17653.  YOUNG *v.* ALFORD.

JENKINS, P. J.  Under the provisions of section 3356 of the Civil Code
(1910), proprietors of sawmills have the same lien as is provided in
section 3354 for work done on material furnished by others.  Section
3354 provides as follows: "All mechanics of every sort, for work done
and material furnished in manufacturing or repairing personal prop-
erty, shall have a special lien on the same, which may be asserted by
retention of such property, or the mechanic may surrender such per-
sonal property and give credit, when the same shall be enforced in
accordance with the provisions of section 3366 of this Code, and shall
be superior to all liens but liens for taxes and such other liens as the
mechanic may have had actual notice of before the work was done or
material furnished.  When they surrender possession of the property
to the debtor, such mechanics shall record their claim of lien, within
ten days after such work is done and material furnished, in the office
of the clerk of the superior court of the county where the owner of
such property resides."

2. A sawmill man may thus assert his lien for work done on material

---

Liens, 37 C. J. p. 323, n. 38, 40 New; p. 342, n. 62.

furnished by another in either one of the methods above stated, and whether the lien be asserted by retention of the property, or by surrender of possession and record of his lien, he can proceed to enforce the lien by foreclosure proceedings under the provisions of section 3366 of the Civil Code of 1910. *Fitzgerald Trust Co. v. Burkhart,* 12 *Ga. App.* 222, 224 (77 S. E. 7); *Daniel v. Blackwell,* 30 *Ga. App.* 786, 787 (119 S. E. 447). See also, in this connection, *Hurley v. Epps,* 69 *Ga.* 611, 613. To hold that the right of foreclosure under section 3366 was not available where the lien had been asserted by retention of the property rather than by its surrender and the recording of the lien would result in the loss of all right to enforce the lien in cases where the property had been retained for more than ten days after the completion of the work done, whereas the comprehensive provisions of section 3366 provide for the foreclosure of all liens, other than mortgages, on personal property when not otherwise provided for.

It was, therefore, erroneous to grant a nonsuit on the theory that the lien which had been asserted by retention of the property could not be enforced without having first been legally recorded.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 16, 1927.

Lien foreclosure; from Floyd superior court—Barry Wright, judge pro hac vice. July 12, 1926.

*Porter & Mebane,* for plaintiff.

*M. B. Eubanks, Denny & Wright,* for defendant.