18897. ALFORD *v.* YOUNG.

BELL, J. 1. In this suit to foreclose a sawmillman's lien upon lumber sawn for the defendant it can not be held as a matter of law that the verdict in favor of the plaintiff was for an amount in excess of that authorized by the evidence. The plaintiff's testimony as it appears in the instant record was more complete and definite than was his testimony upon the first trial (*Alford* v. *Young,* 33 *Ga. App.* 329, 126 S. E. 268), and was sufficient to support the verdict in his favor for the amount awarded.

2. While it appeared that the plaintiff removed his sawmill from its site upon the defendant's land where he had stacked the lumber and where he had allowed it to remain, the evidence still authorized the inference

that he did not surrender possession of the lumber to the defendant, but continued to exercise some watch, care, and control over it, and to retain such possession as made it unnecessary that he should record his claim of lien in order to preserve its validity. This case is distinguished from *Daniel* v. *Blackwell*, 30 *Ga. App.* 786 (119 S. E. 447). In that case the lumber was hauled from the sawmill with teams hired by the defendant and placed upon the railroad right of way some three miles from the sawmill, all possession and control being relinquished by the plaintiff lienholder.

3. The court did not err in refusing the defendant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 14, 1928.

*M. B. Eubanks, Graham Wright,* for plaintiff in error.
*Porter & Mebane,* contra.