45549. TOW v. FORRESTER et al.

PANNELL, Judge. 1. "Under the Civil Code (1910) § 3354 [Section 67-2003 of the Code of 1933 as amended; *Code Ann.* § 67-2003], a mechanic has a special lien for work done and material furnished in manufacturing or repairing personal property, 'which may be asserted by retention of such property, or the mechanic may surrender such personal property and give credit.' When possession of the property is surrendered to the debtor, the

mechanic shall declare his claim of lien within ten days, as provided by the statute. In either event—whether he asserts his lien by retention of the property or by surrendering possession and recording his lien—he may enforce payment by foreclosure proceedings according to the provisions of the Civil Code (1910), § 3366 [Section 67-2401 of the Code of 1933, as amended; *Code Ann.* § 67-2401]." *Fitzgerald Trust Co. v. Burkhart,* 12 Ga. App. 222 (1) (77 SE 7).

2. "Where a mechanic has asserted his lien on personal property for repairs thereon, in either one of the methods above stated, and has enforced payment thereof by foreclosure proceedings, under § 3366, supra, and the property has been seized and sold by the sheriff under the foreclosure proceedings, and the owner has failed to contest the right to the lien by making a counter-affidavit as provided by paragraph 6 of section 3366, supra, he can not bring trover against the mechanic for the recovery of the property on the ground that the sale under the foreclosure proceedings, the mechanic still retaining possession of the property, amounted to a conversion thereof." Id., hn. 2.

3. "A sale regularly made by virtue of judicial process issuing from a court of competent jurisdiction, shall convey the title as effectually as if the sale were made by the person against whom the process shall have issued." *Code* § 39-1303.

4. Where, as in the present case, upon trial of a trover case brought by the alleged owner of personal property, Forrester, it appears without dispute that the owner surrendered possession of the personal property to one of the defendants, Snow, for the purpose of sale, and Snow, while in possession of the property, but not having done any labor on the same, did by a proper affidavit secure the issuance of a summary execution to foreclose a laborer's lien claimed by him upon such personal property, and subsequently a levy was made thereon and a judicial sale had thereof to a third party who in turn sold the property to the defendant, Tow, all without any express notice to the owner who brought the present trover action, and where the only attack made on such proceeding and sale is not made by any pleading and is on the grounds of (1) the lack of any express notice of the proceeding being given to the owner and (2)

that the owner did not employ the defendant, Snow, to do any work on the personal property and that none was done thereon, and that no demand, as alleged in the affidavit of foreclosure, was made on the owner for payment of the claimed laborer's lien, the owner is not entitled to recover in trover against the purchaser at such sale or any subsequent transferees for value of such purchaser. The trial court accordingly erred in refusing to grant defendant Tow's motions for judgment notwithstanding the verdict. Under these circumstances, it is not necessary that the motion for new trial be passed upon, as none of the errors therein assigned would affect the grant of motion for judgment notwithstanding the verdict.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.*
SUBMITTED SEPTEMBER 10, 1970—DECIDED OCTOBER 30, 1970.

*Telford, Wayne & Stewart, Joe K. Telford,* for appellant.
*C. Winfred Smith,* for appellees.