THE CITY OF EMPORIA v. E. W. WAGONER.
### No. 580.

ORDINANCE—*regulating use of bicycles on streets, valid.* Where the power to regulate the riding of bicycles on streets of a city devoted to the passage of vehicles is vested in municipal councils of cities of the second class by act of the Legislature, this court will not say, as a matter of law, that an ordinance requiring every person using a bicycle to ring an alarm bell upon approaching any and all crossings or crosswalks is unreasonable.

Appeal from Lyon District Court. Hon. W. A. Randolph, Judge. Opinion filed July 21, 1897. *Affirmed.*

*E. N. Evans*, City Attorney, for appellee.
*L. B.* and *J. M. Kellogg*, for appellant.

SCHOONOVER, J. The defendant was convicted in the police court of the City of Emporia for not ringing the alarm bell attached to his bicycle as required by section 1 of an ordinance of said City, and fined the sum of one dollar and costs. From this conviction he appealed to the District Court of Lyon County, where a jury was waived and a trial had by the court. The defendant was again convicted, and a fine of one dollar and costs imposed.

He now brings the case here for review, and challenges the validity of the ordinance for the reasons that, "the ordinance is unreasonable, oppressive, inconsistent with the laws of the State, makes special and unwarranted discriminations upon the users of the public streets of the City and the different kinds of vehicles in use thereon, and contravenes the common rights of the citizen."

The following is section 1 of the ordinance :

"SECTION 1. It shall be unlawful for any person or persons to use any bicycle or tricycle on any street,

avenue, alley or public park within the City of Emporia, unless there be securely attached thereto a good and sufficient bicycle or tricycle repeating alarm bell not less than two and one-fourth inches in diameter, or to use any such vehicle in the night time unless there be also attached thereto a good and sufficient bicycle or tricycle lamp or lantern well lighted, for a warning of approach. Upon approaching any and all crossings or crosswalks at the intersections of Commercial, Mechanics and Merchants Streets, with Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Avenues, and at a reasonable warning distance therefrom, every person so using any such vehicle shall ring the alarm so attached, whether or not pedestrians be thereon at the time ; and, upon approaching any and all other walks or other crossings in this City whereat or whereon pedestrians may at the time be, every such person shall ring such alarm bell in such manner and at such distance as fully to warn such pedestrians of the approach.''

The power of the city of the second class to pass an ordinance regulating the riding, driving or passing of horses, mules, oxen or other teams, or any vehicle drawn thereby, over, upon or across sidewalks, or upon any of its streets, is vested by the Act relating to cities of the second class. ¶ 809, Gen. Stat. 1889.

The bicycle was not in common use as an instrument of conveyance at the time this Act was passed —1872. It is a '' new and improved method of transportation,'' now extensively used for convenience, pleasure and business. Its right to the road and street has been determined. It is a vehicle ; and a person riding a bicycle has no rights superior to those of a person riding or driving a horse, and the rules of law applicable to the hack, the dray and the carriage apply with equal force to the bicycle. To forbid a citizen riding on a bicycle the freedom of a public street devoted to the passage of vehicles, would be void as

CITY OF EMPORIA V. WAGONER.      661

July 21, 1897.      Opinion.   Schoonover, J.          C. Div.

against common right; but the power to regulate implies that the act controlled is lawful, but that certain restrictions are necessary to preserve the public from harm.

To ride a bicycle through a public street of a city is not unlawful; but when ridden at a high rate of speed it may be dangerous, and, for the safety of the public, should be regulated and controlled. This power has been conferred by the Legislature of this State upon the municipal councils of cities of the second class. The motive of the council in passing this ordinance is not questioned or reviewed. The contention is that it is unreasonable and oppressive. From the record it is disclosed that, at the time the defendant was tried in the District Court, between two hundred and three hundred bicycles were in use in the City; this is sufficient, in our opinion, to challenge the attention of the council.

The manner in which these bicycles were ridden and controlled, their rapid and noiseless turn at corners and approach at crossings, the probable danger to other vehicles and pedestrians, and the crowded condition of the street at certain crossings, were all matters for the consideration of the council. The power to regulate the riding of bicycles on the streets of a city devoted to the passage of vehicles having been vested in the governing bodies of cities of the second class by the Legislature, we cannot say, as a matter of law, that the requirements of section 1 are unreasonable.

The judgment of the District Court will be affirmed.