CITY OF DES MOINES v. W. S. KELLER, Appellant.

Ordinances: CONSTRUCTION: *Bicycles.* An ordinance entitled "An ordinance to regulate bicycles," and requiring a bicycle to carry a sufficient light after dark, expressed its object with sufficient clearness, and was broad enough to cover the use of bicycles on the street.

HELD CONSTITUTIONAL. A city ordinance requiring that a bicycle on the street after dark should carry a light, is not contrary to Constitution, Article 1, section 6, requiring all laws of a general nature to have a uniform operation, though it applies only to bicycles and not to riders or other silently running vehicles.

*Same.* The ordinance was not contrary to Constitution U. S., article 14, section 1, forbidding a state to abridge any of the privileges or immunities of citizens.

Is AUTHORIZED BY STATUTE. Under Code, 1873, section 482, giving a city council power to provide for the safety of its inhabitants, it had authority to pass an ordinance requiring bicycles on the street after dark to carry lights.

*Appeal from Polk District Court.*—HON. S. F. PROUTY AND
W. F. CONRAD, Judges.

THURSDAY, JANUARY 23, 1902.

THE defendant was convicted of a violation of a city
ordinance requiring bicycle riders to carry lights after dark
when riding on the streets of the city, and he appeals.—
*Affirmed.*

*H. E. Long* for appellant.

*J. E. Mershon* and *M. H. Cohen* for appellee.

SHERWIN, J.—On the second day of July, 1894, the
following ordinance was passed by the city council of Des
Moines: "An Ordinance to Regulate Bicycles.
* * * Section 290. Riding without Light. That it
shall be unlawful for any person to ride any bicycle
upon the streets after dark and before daylight without carry-
ing or having a sufficient light to be easily seen the distance of
at least one block. Any person found guilty of violating this
ordinance shall be fined not less than $1.00 nor more than
$20.00, and stand committed to jail until such fine and costs
are paid."

The title of this ordinance is expressed with sufficient
clearness, and is broad enough to cover the use of bicycles
on the streets of the city. Dillon, Municipal Corporation
(3d Ed.) section 51; *Morford v. Unger,* 8 Iowa, 82; *State v.
Forkner,* 94 Iowa, 733; *State v. Barge,* 82 Minn., 256 (84
N. W. Rep. 912, 53 L. R. A. 428.)

Nor is the ordinance in conflict with and contrary to
section 6, of article 1, of the constitution of this state, be-
cause it applies only to bicycles, and not to riders or users
of other silently running vehicles. It applies to all riders
of bicycles, as a class, and is for this reason sufficient and
reasonable. *Iowa R. Land Co. v. Soper,* 39 Iowa, 112; *Bank
v. Rerick,* 96 Iowa, 238. In the early history of bicycles,
some of the courts were inclined to the view that they were

such an innovation on the use of the highways that they were not entitled to the same protection as other vehicles. See *State v. Yopp,* 97 N. C., 477 (2 S. E. Rep. 458, 2 Am. St. Rep. 305). But they are now generally treated as vehicles having a common right to the use of the streets and highways. See note (47 L. R. A. 289). And they are subject to all just and reasonable requirements for the safety and convenience of other users of such streets and highways. That a municipal corporation has absolute control of its streets is generally conceded, and it is equally as true that it may enact such ordinances governing the use thereof as shall be necessary, in its judgment, to protect the public, providing they are reasonable; and if it does this without undue discrimination, and all who are subject to the ordinance are treated alike, under similar circumstances and conditions, as to privileges conferred and liabilities imposed, equal protection of the laws is not denied. The noiseless, swift and light character of a bicycle distinguishes it from all other vehicles used on the highways. In the night, on a paved street, it is as silent as death. It glides along without any of the noise made by horses drawing a carriage. Its approach is generally unheralded, and pedestrians who are called upon to cross a street are usually without warning of its proximity until a "swish" advises them that it has passed. That vehicles that are more dangerous to the public than others may be regulated by ordinance, we do not doubt; and a requirement that bicycle riders use lamps during the night is but a just and reasonable exercise of control over the public highways for the protection of others whose rights thereon are as great as theirs. Tricycles, quadricycles, and rubber-tired buggies are not of the same class as bicycles. *Wheeler v. City of Boone,* 108 Iowa, 235.

Nor do we think the ordinance in question inhibited by section 1, of article 14, of the constitution of the United States. The privilege of using a public street is always to be regulated so as to protect the equal rights of others.

We are clearly of the opinion that the council had implied, if not direct, power to pass an ordinance regulating the use of its streets by vehicles before section 754 of the Code of 1897 was passed. Under section 482 of the Code of 1873, it had power to provide for the safety of its inhabitants, and it most be conceded that this is the only purpose of the ordinance in question.

The judgment is AFFIRMED.