### AMERICAN AGRICULTURAL CHEMICAL COMPANY *v.* RHODES.

ATKINSON, J. 1. Where a dealer in fertilizers contracts with a salesman to sell his goods within a designated territory for a given term, and that the salesman shall receive as his commission a certain sum on the number of tons sold, reserving the right to the dealer to pass upon the credit of the customers procured by the salesman, and also upon

the amount of tonnage to be sold in that territory, and where the salesman on the faith of such contract and in pursuance of its execution solicits orders for fertilizers and is discharged without cause, the dealer is liable in damages to the salesman for an unauthorized breach of the contract. *Baldwin* v. *Marqueze*, 91 *Ga.* 404 (18 S. E. 309).

(*a*) It would be an unauthorized breach of such contract, (1) if the dealer, upon demand, refused to furnish the salesman with a list of prices of fertilizers to be sold, and, after orders were obtained by the salesman from customers for fertilizers at the market price, to capriciously refuse to fill them; (2) to discharge the salesman without cause before his term expired.

(*b*) It would not be a breach of the contract if the dealer in good faith, upon reasonable grounds, should reject orders for fertilizers procured by the salesman in the territory specified in the contract.

2. Where there is a contract of the character above specified, which is breached by the employer in the manner indicated, and the salesman sues for damages alleged to consist of loss of profits which he would have earned directly under the contract but for its breach, he may recover them if the evidence furnishes reasonable data for computation. Civil Code, § 4394; *Baldwin* v. *Marqueze*, supra; Schumaker *v.* Hennemann, 99 Wis. 251 (74 N. W. 785); Spencer Medicine Co. *v.* Hall, 78 Ark. 336 (93 S. W. 985); Brigham *v.* Carlisle, 78 Ala. 243 (56 Am. R. 28). The ruling here made is not in conflict with the decisions of this court in *S. A. L. Ry.* v. *Harris*, 121 *Ga.* 707 (49 S. E. 703); *Anderson* v. *Hilton & Dodge Lumber Co.*, 121 *Ga.* 688 (3), 691 (49 S. E. 725); *Cooper* v. *Young*, 22 *Ga.* 269 (68 Am. D. 502); *Clay* v. *Western Union Telegraph Co.*, 81 *Ga.* 285 (6 S. E. 813, 12 Am. St. R. 316), and other similar cases, holding that profits which might have been derived from some other or collateral contract are not recoverable.

3. Under the principles announced in the preceding notes, the petition was not subject to general demurrer, based on the ground that the alleged contract was too indefinite, or that the damages laid were remote and speculative in character.

4. The grounds of special demurrer were without merit.

5. The suit was not on the contract, but was for damages as for breach of contract, based on the alleged unlawful discharge of the plaintiff by the defendant. It was proper, therefore, to decline a request to charge to the effect that the jury could not consider the loss of certain portions of the commissions which would have been earned except for the breach of the contract, merely because a suit to recover the commissions as such under the contract would be premature.

6. Under one phase of the case, there being evidence to authorize it, it was erroneous, on appropriate request, to refuse to charge: "I charge you that claims of damage under breach of contract that are speculative in character and that are incapable of reasonably exact computation can not be the basis of a recovery; the mere opinion of an agent selling on commissions, as to what sales he could have made but for the breach of the contract, does not afford sufficient certainty to be the basis of a recovery in damages. Also mere expectation, doubtful offers, and indefinite assurances and promises of an intention to purchase, without specifying quantity, prices, or terms, can not be the basis of a recovery in damages."

7. Under the contract of employment it was primarily the right of the dealer to pass on the moral and financial standing of all prospective customers; but if he failed to do so, then in an action of damages for breach of the contract any competent witness might give testimony on that subject.

8. Where the court refused, at the time an objection to testimony was interposed, to make a ruling thereon, but reserved his decision until the witness had testified further, and thereafter there was no further objection or motion to rule out the evidence, and no ruling made thereon, a complaint that the judge failed to sustain the objection to the testimony furnishes no ground for a motion for a new trial. *Becker* v. *Donalson*, 133 *Ga.* 864 (3), 867 (67 S. E. 92).

9. The qualifying words employed by the court in connection with a portion of the charge, as complained of in the sixth ground of the amended motion for a new trial, are not entirely clear, and were subject to possible misunderstanding by the jury.

10. There was evidence that in the sales territory of the plaintiff during the season covered by the contract there was close competition among fertilizer dealers and practically all sales in that territory were made at a "cut" price, which was below the market price, and that the plaintiff, in order to have made the sales which he claimed he could have made, would have been required to sell at the prevailing reduced prices. The defendant, having reserved the right to price his own goods, could have fixed his own price; but as he refused to do so, the salesman would have been authorized to sell at the market price. The market price would be the general market price of the commodity, and not the "cut-rate" price prevailing in the sales territory. Under these circumstances the charge quoted below was error, inasmuch as the jury could and probably would have understood the reference to the usual and customary price as applicable to the prevailing prices, rather than the general market price: "I charge you that if you find, from the facts and circumstances appearing from the trial, that after the contract was entered into between the plaintiff and the defendant, the plaintiff, M. W. Rhodes, was in a position and sustained such relations to intending purchasers of fertilizers of the defendant as that he could have sold to them such quantities of fertilizers at the usual and customary prices, that if you find that he was, by reason of a breach of the contract on the part of the defendant, prevented from so doing, then I charge you that the plaintiff would be entitled to recover such commissions per ton as the contract set out to be allowed the plaintiff for the several brands of fertilizers embraced in the contract."

　　　　　　　　　　*Judgment reversed. All the Justices concur.*
　　　　　　　　　　FEBRUARY 26, 1913.

Action for damages. Before Judge Rawlings. Jefferson superior court. September 11, 1911.

*E. L. Brinson, W. H. Davis,* and *E. H. Callaway,* for plaintiff in error.

*R. L. Gamble, R. N. Hardeman,* and *Phillips & Phillips,* contra.