## SUTTON *v.* FORD *et al.*

1. The failure of the ordinary or his clerk to make an entry of an order of adjournment of the court of ordinary, granted at a regular term, to some subsequent day, where the business of the court requires it, does not render void an order passed for the sale of land, upon the petition of an administrator, provided such adjournment was duly ordered during the regular term of the court.

2. Where an order granted by a court of ordinary is of such a character that it could only be granted in term time, and the order recites that it was granted in term time, but the date of the order is different from that upon which the court convenes under the law (the first Monday in the month), the presumption arising in favor of the regularity of the order and that it was granted, as recited, in term time, will overcome the presumption arising from the mere date.

3. Where in the trial of a case certain documentary evidence was offered and objections were made to its admission in evidence, and the court admitted the document in evidence but announced that the defendant would have the right to renew his objections if facts bearing upon the materiality of the evidence offered were not shown, and other testimony relating to the materiality of such documentary evidence was submitted, counsel objecting to the admission of the document should have renewed their objections in order to avail themselves of such objections in this court.

4. The court did not err in permitting a witness, who professed to know the facts, to testify as to the amount that came into the hands of an administrator from the sale of certain lands, over the objection that

the deeds executed by the administrator pursuant to said sale would be the best evidence as to the amount of the purchase-money paid the administrator by the purchaser at the sale. *Harwell* v. *Fitts*, 20 *Ga.* 723.

No. 3383. JULY 10, 1923.

Equitable petition. Before Judge Eve. Worth superior court. July 15, 1922.

P. Brooks Ford and others, defendants in error, hereinafter called the plaintiffs, sought in this case to have adjudged as null and void (1) an administrator's deed made by J. A. Haynes, administrator of plaintiffs' father, in 1904, to Mrs. Rowena J. Ford, plaintiffs' mother, and (2) a warranty deed made by Mrs. Rowena J. Ford later in the same year to the plaintiff in error, Sutton, hereinafter called the defendant; each of the deeds purporting to convey a seventy-five acre tract of land which had belonged to the plaintiffs' father at the time of his death. The grounds which plaintiffs alleged for nullifying the deeds were: (1) that the tract of land was, at the time of the administrator's sale, included in the dower which had been assigned to Mrs. Rowena J. Ford therein; (2) that there were no debts owed by their father's estate, so as to authorize said reversionary interest (remaining after the dower estate was exhausted) to be sold by the administrator; (3) that their father's administrator had perpetrated a fraud by representing to the ordinary that there were debts of the estate which rendered it necessary to sell said reversionary interest, and that for that reason the order of the ordinary ordering the sale of the reversionary interest was void on account of fraud in its procurement; (4) that Mrs. Rowena J. Ford, who was the purchaser at the administrator's sale, had notice, through her agent, of said alleged fraud of the administrator in bringing about the sale of the reversionary interest; (5) that the defendant, Sutton, at the time when he bought the land from Mrs. Rowena Ford, was not a bona fide purchaser without notice of the alleged fraud, and therefore his title was voidable in the same degree as was the title which their mother, Mrs. Rowena Ford, had acquired at such administrator's sale; and (6) that the administrator's sale was the result of conspiracy on the part of the administrator and defendant Sutton and another party named Heinsohn. On the contrary defendant insists that the record shows (1) there were not only debts owed by plaintiffs'

father's estate at the time when the administrator's sale was had and the order therefor procured, but that these debts were in judgment and would have sold this reversionary interest in the dower lands, by an unfriendly or adverse sale, if the administrator had not procured such order and sold the reversionary interest at a friendly sale; and (2) the defendant also insists that the record shows that those very debts of the estate were actually paid out of the proceeds of these very lands, the sale of which is now sought to be set aside; and (3) the defendant insists that the existence of the judgments against the plaintiffs' father's estate, which was shown by the evidence, was a conclusive answer to the allegation that the administrator had been guilty of fraud in representing to the ordinary that there were debts; and (4) while the evidence was possibly issuable as to whether or not the administrator (who was the agent of the plaintiffs' mother at the time of the sale) was actuated by an improper motive, and as to whether or not the defendant bought the land without notice of any fraud on the part of the administrator, still the defendant insists that the overwhelming weight of the evidence was on his side of these issues.

At the trial (this being the second trial of the case) plaintiffs offered an amendment to their pleadings, in which it was alleged that the administrator's sale was not granted in term time. It is alleged in this amendment that although the administrator's deed to Rowena J. Ford recites that the order of the court of ordinary therein mentioned was " granted at the regular February term, 1904, of said court," in fact said order, dated " 4th day of Feby., 1904," was granted in vacation and while the court was not in session; for the court convened on the first Monday in February, 1904, and the first Monday in February of that year was the first day of that month; and in the amendment it is alleged further, that the court did not, by any order passed and spread on its minutes (or otherwise), adjourn over to any subsequent day, but that the February term, 1904, of said court of ordinary had been finally adjourned prior to the 4th day of February, 1904, the day on which the order of sale was passed. And it is averred in the amendment that because of the facts recited the order of sale was a mere nullity and void, and that it conferred on the administrator no power or authority to bring the land to sale, and that

the sale under the order was a nullity and of no legal force or effect; and that neither Rowena J. Ford, nor any one claiming under her can set up any rights by virtue of the administrator's sale. When this amendment was filed the defendant moved for a continuance of the case, counsel then and there stating in his place, as a ground of the motion, that he was surprised by the amendment, for the reason that plaintiffs had not given defendant or his counsel any reason whatever to suspect that they would attack the order of sale on the ground that it was not signed or granted during term time; that neither defendant nor his counsel had reason to believe that such an allegation as was contained in the amendment would be relied on to set aside the administrator's sale, and they did not anticipate it; that they were surprised by the amendment, and less prepared to go on with the trial, for the reason that they did not have time "to get Judge Price (the ordinary who granted said order) and his son (who was said ordinary's deputy at the time), and that this defendant would want to bring the evidence before the court, and would also want to bring that evidence before the court of ordinary for the purpose of amending the records of the court of ordinary; that they believed and were informed that Judge Price was living in the State of Georgia, and that this evidence could be obtained by the next term of the court, it being a fact that the original minutes of the court of ordinary for the February term, 1904, were then and there before the court, and were introduced in evidence, and there were on them no entries showing whether it had been announced in said court of ordinary on said first day of February, 1904, that said term of court was adjourned over to the fourth day of February, 1904, or to any other day; it being a fact that said minutes contained no written order or entry on them showing the adjournment of said court during February, 1904, from one day to any other day." The trial court, instead of granting the motion for a continuance, ordered the case checked from that day (Tuesday) until the morning of the Thursday following, and on the latter date defendant's counsel renewed the motion for a continuance, showing that he endeavored to secure the presence of Judge Price, but was unable to get him. The court having overruled the motion for a continuance, the case was then tried and a verdict rendered for the plaintiffs. The defendant made a motion

for new trial, which was overruled, and he excepted, assigning error on the overruling of the motion for a continuance, and other grounds.

*R. S. Foy* and *Pope & Bennet,* for plaintiff in error.

*Glessner & Pottle* and *Passmore & Forehand,* contra.

BECK, P. J. . (After stating the foregoing facts.)

1, 2. We are of the opinion that the court erred in refusing to grant a continuance. The attack made upon the administrator's deed, which was an essential link in defendant's claim of title, struck at a vital point in the defense of his case made by defendant, the plaintiff in error here, and the latter when confronted with the additional grounds of attack should have been given time to meet and repel the same. It is insisted by the defendants in error, plaintiffs in the court below, that the grant of time would have been futile, because the order of sale bears a death wound on its face, it appearing therefrom that the order was granted on the 4th day of February, 1904, and that the first Monday in February, 1904, was the first day of the month, and that the minutes of the court of ordinary for the February term, 1904, contain no order for the adjournment of the court of ordinary. In section 4811 of the Civil Code it is provided: " If from any circumstance the ordinary should fail to hold said court at the regular term, or at any adjourned term, or the business of the court requires it, said ordinary, or his deputy clerk, may adjourn said court to such times as he may think proper: Provided, such adjournment shall be entered on the minutes of the court." It is insisted in the brief of counsel for defendant in error that the closing clause of the section just quoted, " provided, such adjournment shall be entered on the minutes of the court," is a limitation put upon the exercise of the power of the ordinary to hold adjourned terms, and that there can be no valid exercise of that power " unless such adjournment shall be entered on the minutes of the court." It is insisted that as a matter of position and form this " proviso " appears to be mandatory, not merely declaratory of the legislative " wish or preference;" that it relates to the jurisdiction of the court of ordinary to hold its sessions at a time other than the first Monday in each month. We can not agree with counsel in this contention. The court of ordinary is a court of general jurisdiction; and we are of the opinion that if it an-

nounced during the regular term of the court, on the first Monday in February, 1904, that the court would be adjourned until a subsequent day, the 4th day of February, the court would stand adjourned until that day. To preserve the integrity of the records and render them complete, an entry of the adjournment should have been entered on the minutes. The use of the word " provided " does not necessarily give the provision for the entry of adjournment on the minutes a mandatory character. The word " provided " as used in legislative enactments, has a technical character, which should be recognized by the draftsman of a legislative bill or act; but it is frequently disregarded. *Ga. Ry. &c. Co.* v. *City of Atlanta,* 153 *Ga.* 335 (113 S. E. 420), on motion for rehearing. In the case of *Wright* v. *Clark,* 139 *Ga.* 34 (76 S. E. 565), it was said: " While the statute provides that courts of ordinary shall sit on the first Monday of each month (Civil Code, § 4809), it is further provided that such courts, when the business of the court requires it, may adjourn to such times as the ordinary may think proper (Civil Code, § 4811); and it appearing in the record that the judgment from which an appeal was taken in this case was rendered on a day later than the first Monday in the month, the court of ordinary being a court of general jurisdiction, it will be presumed, in the absence of anything to the contrary, that the term of court was lawfully in session on the day judgment was rendered." But in the brief of counsel for defendant in error the ruling in *Wright* v. *Clark,* is commented upon, and it is pointed out that the presumption that the term of court was lawfully in session on the day of the rendition of the judgment is to be indulged " in the absence of anything to the contrary;" and it is urged here that the production of the minutes showing that no entry of an adjournment was spread on the minutes conclusively overcomes the presumption that the judgment was rendered at the regular term. We do not think so. Admitting, for the sake of the argument, that the absence of an entry from the minutes raises a presumption that no adjournment was ordered, we are of the opinion that such a presumption itself might be overcome by showing that there was an order for the adjournment of court until the 4th day of February, 1904, and a failure upon the part of the ordinary, or his clerk, to enter this on the minutes. The right of the court of ordinary to adjourn to a subsequent date did

not originate in this section of the Code, as an examination of the history of the court of ordinary will show. It is true it is a legislative declaration of that right, but the fact that there is added to that declaration of the legislature the words containing the proviso does not make those words mandatory,    We think they should be treated as directory,— a direction which the ordinary should follow in order to make the minutes complete. When the amendment was offered and allowed, the defendant, upon making a proper motion for a continuance, should have been given opportunity to secure the attendance of a witness to show that the order was granted, and then, if necessary, to have that order duly spread on the minutes. Suppose that he had succeeded in securing the presence of Judge Price, the former ordinary, and he had testified that he had, in open court, after the convening of the court of ordinary, because of the condition of the business, ordered that the court stand adjourned until a later day that week; and that he did not know why it had not been entered on the minutes. Or suppose that he had shown by his evidence that, immediately after granting it, for some providential cause he could not act any further, and that his clerk was not present, should it be held that the order for the sale of land, the basis of a purchaser's title who had bought bona fide and for value, was a nullity? We think not.

Moreover, we are of the opinion that, without proof that the ordinary had granted an order for adjournment from the first Monday to the 4th day of February, in the present case there are presumptions in favor of the judgment, and that it was rendered during the regular term, stronger than the presumption that it was rendered after the adjournment of the regular term, arising from the date thereof. In the case already cited of *Wright* v. *Clark,* as will be seen by reference to the extract quoted above, it was held, that, " it appearing in the record that the judgment from which an appeal was taken in this case was rendered on a day later than the first Monday in the month, the court of ordinary being a court of general jurisdiction, it will be presumed, in the absence of anything to the contrary, that the term of court was lawfully in session on the day judgment was rendered." In that case the presumption in favor of the regularity of the judgment and that it was rendered during the term time was indulged from the fact that the judgment was rendered by a court of general

jurisdiction. In the present case it is recited in the judgment that it was at the February term, 1904, of the court of ordinary; that is, the order begins with the recital, " In the Court of Ordinary of said County, February Term, 1904." True, it concludes with the words, " This 4th day of Feby., 1904." And we are of the opinion, realizing how easy a slip of the pen is when we write the day of the month or month of the year, that the solemn recital that the judgment or order was passed at the February term should be given more weight than the presumption in favor of the correctness of the number designating the day of the month.

. Exceptions are taken to several portions of the charge of the court in various grounds of the motion for new trial, but the excerpts from the charge are lengthy, and it is not necessary to copy them here. It is sufficient to say that they are in conflict with what we have ruled above, in so far as they make absence from the minutes of an entry of continuance of the court conclusive against an order for the sale of land, such as we have here.

. 3, 4. The rulings made in headnotes 3 and 4 require no elaboration.      *Judgment reversed. All the Justices concur.*