## MULLIS *v.* THE STATE.

No. 14843. MAY 2, 1944.

*Lester F. Watson* and *E. L. Stephens,* for plaintiff in error.

*T. Grady Head, attorney-general, James F. Nelson, solicitor-general,* and *Victor Davidson, assistant attorney-general,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ Ground two of the motion for new trial (ground one having been expressly abandoned) alleges error in permitting the State to introduce in evidence the following ordinance of the Town of Cadwell: "Moved and carried that the police have the authority to make cases against any white person caught in the negro quarters after sundown." The objection interposed to the admission thereof was: (1) "Because it is no ordinance of the Town of Cadwell." (2) "Because an ordinance can be proved in only two ways, first, by official certified copy under seal of the clerk, second, by production of original book of ordinances." (3) "That it is unconstitutional, and would be absolutely void even if it were an ordinance, because it is not general in its application." (4) "It is not a certified copy under the seal of the clerk, and is not the original ordinance of the city." We do not pass upon the validity, the force, or the effect of this ordinance, but merely upon the objections urged against its admission in evidence.

Evidence relating to the introduction of the ordinance came from several sources. C. J. Beddingfield testified: "I am mayor of the Town of Cadwell. . . The city clerk keeps the records. . . I have asked the clerk, and the one that acted before him, about the ordinance records, and they couldn't locate them." A. L. Cameron testified: "I was clerk about two years. I ceased to be clerk in February, 1942. . . There was a set of ordinances for the Town of Cadwell, kept in a loose-leaf ledger." Homer

Wynn testified: "I am clerk of the Town of Cadwell. . . I have in my possession all of the books and records that were turned over to me by my predecessor in office. Mr. A. L. Cameron was my predecessor. I do not have in my possession a book known as the Ordinance Book. . . I have never had such book in my possession. I have made a diligent search for the purpose of trying to locate it, but couldn't find it. I just don't have it. . . That (indicating) is what was turned over to me as the original minutes of the meeting of October 7, 1940. There was an ordinance adopted at that meeting. . . This record that you asked me about, dated October 7, 1940, was the original record of the minutes of the mayor and counsel of the Town of Cadwell, as turned over to me. Any other ordinance book would be copied off of those minutes." While the testimony showed that at one time there was in existence an ordinance book, the record does not disclose whether this book was ever adopted as a book of ordinances by the mayor and council. The solicitor-general tendered in evidence the original minutes of the meeting of the mayor and council on October 7, 1940, showing the passage of the ordinance hereinbefore stated. The Code, § 38-606, provides: "Exemplifications of the records and minutes of municipal corporations of this State, when certified by the clerks or keepers of such records, under seal, shall be admitted in evidence under the same rules and regulations as exemplifications of the records of the courts of record of this State." In *Metropolitan Street Railroad Co.* v. *Johnson,* 90 *Ga.* 500 (3) (16 S. E. 49), it was held: "A municipal ordinance may be proved by the production of the original book of ordinances, identified as such by the clerk of the corporation and shown to have come from his custody. Notwithstanding the statute of Sept. 19th, 1891 (Acts 1890-1, p. 109), makes an official certified copy evidence, it is not the exclusive evidence." Accordingly, it was not error for the court to permit the introduction, under proper proof, of the original minutes showing the adoption of the ordinance in question, rather than to require a certified copy thereof. This was competent evidence of an expression of formal corporate action. "The official minutes of the city council may be proved by the production of the original book of minutes identified as such by the clerk of the corporation and shown to have come from his custody." *City of Columbus* v. *Ogletree,* 102 *Ga.* 293 (7) 297 (29

S. E. 749). See also *Western & Atlantic Railroad* v. *Peterson,* 168 *Ga.* 259 (147 S. E. 513) ; *Farrar Lumber Co.* v. *Dalton,* 20 *Ga. App.* 138, 140 (92 S. E. 946).

(*a*) That portion of the objection to the introduction of the ordinance, on the ground "that it is unconstitutional," presents no question for decision. "This court will not pass upon the constitutionality of a statute, where the particular provision of the constitution alleged to have been offended by the statute is not clearly designated." *Inlow* v. *State,* 168 *Ga.* 377 (147 S. E. 881). In order to raise a question as to the constitutionality of a "law" or an ordinance, the statute or ordinance which the party challenges, and the provision of the constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision. *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d, 198) ; *Lee* v. *Atlanta,* 197 *Ga.* 518 (2) (29 S. E. 2d, 774).

■ The fourth and fifth grounds of the motion are based upon objections to oral testimony to establish the contents of an ordinance, and to the testimony by the mayor that he had convicted some one for the violation of that ordinance. The testimony and objections thereto were as follows: "Question by solicitor-general: 'Is there a city ordinance against drunkenness in Cadwell?' Answer: 'Yes, sir.' Counsel for the accused: 'I object to that and move to exclude all about the ordinances. The ordinance would be the highest evidence. It is necessary for it to be in writing. Writing is the highest evidence; and they haven't shown any diligence to get them.' The solicitor-general: 'We expect to show, and if we don't, we ask the court to rule it out, that there is a city ordinance in effect in the Town of Cadwell prohibiting drunkenness or drinking, or being on the streets in an intoxicated or semi-intoxicated condition, and that ordinance is lost and can not be found, and diligent search has been made for it. If we can show that, by this and other witnesses, then we can, under the law, go into the contents of the ordinance and show it by parol testimony. The Code section itself says that.' The court: 'Go ahead and I will see where you go—see if you lay the foundation.' Witness: 'I know of my own knowledge that there is an ordinance in Cadwell about getting drunk or drinking on the streets. I am familiar with the contents of that ordinance, what it provides,

the penalty, etc. I think the maximum amount is a $100 fine and 100 days in jail. That ordinance prohibits drunkenness and disorderly conduct. Yes, I think we have a general ordinance in Cadwell against drinking and getting drunk on the streets. It is all the same as the one I just discussed. As mayor, I have convicted someone for violating that ordinance. I fined him or punished him.' Attorney for accused: 'I move to exclude all of his testimony about his having tried and convicted and fined people for being drunk, under this or any other ordinance.' The court: 'I will leave the testimony in temporarily to show that [such an ordinance] was [in] existence. . . You will have to connect that, or I will rule it all out.'" The record does not disclose any subsequent motion by the accused to rule out this evidence. "Where the court conditionally admits evidence, reserving a final ruling upon its competency until a later stage of the trial, it is not to be expected that the court will bear the matter in mind and of his own motion exclude that which has been provisionally admitted; and it is the duty of counsel objecting to the admission of such testimony to remind the judge of the circumstances and to invoke a later and final ruling, if he so desires. In such circumstances as those referred to, the failure of the court to exclude testimony thus provisionally admitted is not error, unless a request to that effect be preferred by the party originally objecting to the admission of the evidence." *Bacon* v. *Bacon,* 161 *Ga.* 978 (133 S. E. 512); *Stone* v. *State,* 118 *Ga.* 705 (9) (45 S. E. 630, 98 Am. St. R. 145); *Cawthon* v. *State,* 119 *Ga.* 395 (7) (46 S. E. 897); *Hix* v. *Gulley,* 124 *Ga.* 547 (52 S. E. 890); *Thomas* v. *State,* 129 *Ga.* 419 (2) (59 S. E. 246); *Sasser* v. *State,* 129 *Ga.* 541 (3) (59 S. E. 255); *Lindsay* v. *State,* 138 *Ga.* 818 (7) (76 S. E. 369); *American Agricultural Chemical Co.* v. *Rhodes,* 139 *Ga.* 495 (8) (77 S. E. 582); *Mitchell* v. *State,* 152 *Ga.* 375 (9) (109 S. E. 357); *Sutton* v. *Ford,* 155 *Ga.* 863 (3) (118 S. E. 747); *Thompson* v. *State,* 166 *Ga.* 512 (6) (143 S. E. 896); *Gibson* v. *State,* 178 *Ga.* 707 (2) 708 (174 S. E. 354); *Black* v. *State,* 187 *Ga.* 136 (2) (199 S. E. 810).

From what is here ruled it becomes unnecessary to pass upon the third ground of the motion, which is based upon an ordinance proved by the minutes of January 13, 1942, to wit: "Moved and carried, to adopt the same ordinances for 1942 as in 1941." Fur-

thermore, such an ordinance could have added nothing to, nor had any effect upon, any pre-existing ordinance.

There was sufficiènt evidence to authorize the verdict.

*Judgment affirmed. All the Justices concur.*