30502.   SNOW *et al.*, administrators, *v.* SNOW.

Decided June 22, 1944.

*Roberts & Roberts*, for plaintiffs in error.

*J. W. Arnold, A. M. Kelly*, contra.

Gardner, J.   Naomi Snow brought suit against the administrators of Henry C. Snow, based upon a quantum meruit. The allegations of the petition set forth services rendered to the deceased during his last illness. The jury returned a verdict in favor of the plaintiff for $1500. The administrators filed a motion for new trial on the general grounds and on three special grounds. The motion was overruled, and on this judgment error is assigned.

In the administrators' answer it is alleged: "It is admitted that plaintiff nursed deceased in the usual way and was paid in full for her services in the lifetime of said H. C. Snow, in board,

laundry, and cash furnished to her. . . That defendant's intestate is not indebted to said plaintiff in any sum whatever as she was fully paid during the lifetime of said deceased, and she claimed and in this court was given an automobile worth $800 as additional for her said services, claimed by her to have been given to her on the death bed of said deceased." Thus the only issue under the pleadings was whether or not the plaintiff had been paid for her services. The evidence shows that the deceased was almost totally helpless for a number of weeks during the twelve months the plaintiff nursed him, and that she performed the most menial services when necessary. There is no evidence at all that she failed to administer to his comfort and well-being. The wife of the deceased preceded him in death a short while. They left no issue. The administrators are the nieces and nephews of the deceased— the plaintiff a more distant relative. The evidence is amply sufficient to sustain the verdict. There is no merit in the general grounds.

■ Special ground 1 assigns error because of the admission of certain testimony, over objection of counsel for the administrators. As to this testimony the court stated: "I am going to admit it for the present and reserve my decision." This was provisional admission of the testimony, and since counsel did not thereafter call the court's attention to this provisional admission and invoke a further ruling thereon, the point was waived. *Webb* v. *Biggers,* 71 *Ga. App.* 90 (30 S. E. 2d, 59), and cit.

■ Special grounds 2 and 3 will be considered together, since they involve the same principle of law. Ground 2 assigns error because the court permitted the plaintiff, over objection, to testify that she nursed the wife of the deceased prior to the wife's death, and that she was paid therefor; and ground 3 assigns error because the plaintiff was permitted, over objection, to testify that she was a practical nurse, and that the value of the services of a practical nurse was $4 per day. Error is assigned on the admission of this testimony on the ground that it was in violation of the provisions of the Code, § 38-1603(1), declaring the opposite party incompetent to testify in his own favor as to "transactions or communications" with a deceased person in any suit instituted or defended by the personal representative of the deceased person. The provisions of this section do not render a witness incompetent to tes-

318

tify as to independent facts. *Ellis* v. *Britt,* 181 *Ga.* 442 (5) (182 S. E. 596); *Gomez* v. *Johnson,* 106 *Ga.* 513 (32 S. E. 600); *Watkins* v. *Stulb,* 23 *Ga. App.* 181 (8) (98 S. E. 94); *Farmers & Merchants Bank of Cleveland* v. *Miller,* 37 *Ga. App.* 668 (141 S. E. 419). Further, the assignments of error are without merit because there was other evidence introduced, without objection, to the same effect. See *Matthews* v. *Richards,* 19 *Ga. App.* 489 (91 S. E. 914).

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*