37123. AUGUSTA ROOFING & METAL WORKS, INC. *v.* CLEMMONS *et al.*

DECIDED MAY 2, 1958.

*Congdon & Leonard, Lynn R. Leonard,* for plaintiff in error.
*Harris, Chance & McCracken, Otis W. Harrison,* contra.

NICHOLS, Judge. ■ On the trial of the case the defendant objected to testimony by Mrs. Clemmons which it contended was hearsay. The court ruled that the evidence should be connected up and no further objection, and apparently no further ruling, was made. No final ruling was made by the trial court as to the admission of the evidence. It is well settled that where an objection is made to the admission of testimony and the trial judge makes no definite ruling on its admissibility but defers his ruling, before the reviewing court will consider whether such objection should have been sustained a further ruling by the trial court must be invoked. *Cawthon* v. *State,* 119 *Ga.* 395 (7) (46 S. E. 897); *American Agricultural Chemical Co.* v. *Rhodes,* 139 *Ga.* 495 (8) (77 S. E. 582); *Mitchell* v. *State,* 152 *Ga.* 375 (9) (109 S. E. 357); *Sutton* v. *Ford,* 155 *Ga.* 863 (3) (118 S. E. 747); *Mullis* v. *State,* 197 *Ga.* 550 (2) (30 S. E. 2d 99); *Quinn* v. *State,* 22 *Ga. App.* 632 (2) (97 S. E. 84).

On the trial of a case before a judge without the intervention of a jury the rules as to the admission of evidence are less strict.

*Ward* v. *State*, 26 *Ga. App.* 61 (105 S. E. 373) ; *Camp* v. *Mapp*, 95 *Ga. App.* 262 (97 S. E. 2d 623) ; *Burton* v. *Campbell Coal Co.*, 95 *Ga. App.* 338, 340 (97 S. E. 2d 924). Therefore, assuming, but not here deciding, that the evidence was without probative value, if the judgment was otherwise supported by competent evidence, since the case was tried before a trial court without the intervention of a jury, no harmful error is shown by this ground of the amended motion for new trial.

■ On the trial the plaintiffs introduced evidence that the roof was installed by the defendant corporation *for them,* that later leaks in the roof were noticed, that the defendant made repairs to the roof on the "family room," that it still leaked after the repairs were made, that the cost of repairing the *damage* caused by the leaking roof would cost more than the amount of the judgment rendered for them, and that the "carpenter" who had built the "family room" for them did not go onto the roof when he inspected it immediately after it was installed.

The defendant introduced evidence to the effect that it had contracted with the *prime contractor* (the carpenter referred to above) for the installation of the roof, that it had (at a later date) installed gutters on the "family room" for the plaintiffs, that the roofing job was correctly done and was in good shape when it was completed, and that later repairs were made to the old roof but none to the new roof. There was also evidence adduced from witnesses for the plaintiff and for the defendant that to install a roof with holes in it would be negligence.

In addition to the above, one of the plaintiffs testified that a named person, purportedly an agent of the defendant corporation, stated that if the defendant corporation installed the roof it would repair it. The inference of this testimony was that it was an admission of the condition of the roof "from the time it was installed." Other than the testimony of the plaintiff that such named person came out to the plaintiffs' house and made the statement, there was no other evidence that this person was an "agent or employee" of the defendant corporation.

While the sworn testimony of an agent is competent evidence of such agency (*Terminal Transport Co.* v. *Decatur Truck &c. Co.*, 90 *Ga. App.* 859, 864, 84 S. E. 2d 494, and citations), the

mere declarations of such a person are not admissible to prove such agency. Code § 4-315; *Ga. Steel Co.* v. *White*, 136 *Ga.* 492 (4) (71 S. E. 890). Accordingly, the testimony of what such agent said in the present case was hearsay and without probative value in the absence of *proof* that he was the agent of the defendant corporation.

There was no other evidence as to what the condition of the roof was immediately after its installation, but only evidence as to its condition at later dates, after, according to the plaintiffs' evidence, the damage from the alleged leaks was noticed. Accordingly, if the evidence authorized a recovery for the plaintiffs it must be under the doctrine of res ipsa loquitur. The roof was installed on an addition to the plaintiffs' home, and after such installation the addition to the home was completed. A witness for the plaintiffs testified that when "inspecting" the roof after it was installed he didn't go onto the roof, that while doing certain of the work to complete the addition he didn't lift up the roof while tying in the sheathing to the old part of the house. This testimony did not establish that, in doing other work to complete the addition, neither he nor other workmen climbed onto the roof, nor was there any evidence that after the roof was installed other persons did not do anything which within the realm of reason could have caused the roof to leak.

Under the decision of this court in *Burton* v. *Campbell Coal Co.*, 95 *Ga. App.* 338, supra, and the cases cited therein, since the plaintiff did not offer any evidence that no other person did anything which could have caused the alleged leaks, the judgment of the trial court hearing the case without the intervention of a jury was without evidence to support it and the defendant's motion for a new trial should have been granted.

■ In view of the above ruling on the general grounds of the defendant's motion for new trial it becomes unnecessary to pass upon the contention that it should be granted a new trial because of newly discovered evidence.

*Judgment reversed. Quillian, J., concurs. Felton, C. J., concurs in the judgment.*