39239, 39240. BENNETT v. GEORGE, by Next Friend; and *vice versa.*

HALL, Judge. 1. The twelve-year-old plaintiff (defendant in error) sued the defendant (plaintiff in error) for personal injuries he received when allegedly the defendant ran his automobile into a bicycle. Donald Barber, age 14, was operating the bicycle and the plaintiff was riding on the crossbar. After a verdict for the defendant the trial judge granted a new trial on the ground of a charge given at the defendant's request. The defendant assigns error on this ruling. The charge was: "A passenger on a bicycle must exercise due care for his or her own safety. The guest cannot close his eyes to known or obvious dangers arising from the acts, or condition, of the operator of the bicycle on which he or she is riding. A guest on a bicycle cannot at all times treat himself as 'dead freight,' but, when negligence on the part of the operator arises, either because of the acts or the condition of such operator, the guest, if a minor, must exercise such due care as his capacity, mental and physical, fits him to exercise under the then existing circumstances." There was no evidence in the case showing that the plaintiff closed his eyes to known or obvious dangers or treated himself as "dead freight." On the contrary, there was testimony by the bicycle operator that the plaintiff told him there was a car coming behind and "we had better get over to the side," and that he (the operator) never did see the car before it hit him. From evidence that the plaintiff was sitting on the crossbar of the bicycle, and that the bicycle suddenly cut left into the

automobile, there does not necessarily arise an inference that would support the charge, as contended by the defendant. The case of *Crandall v. Sammons*, 62 Ga. App. 1 (7 SE2d 575), relied on by the defendant, does not require the giving of the charge objected to. In that case, the court held there were facts in evidence from which the plaintiff, a guest passenger in an automobile, might have been put on notice of the inattentiveness of the driver and warned him of danger or otherwise acted in self protection, which the plaintiff did not do.

The court did not err in granting a new trial on this ground.

2. The plaintiff in the cross-bill of exceptions assigns error on the trial judge's overruling of the remaining grounds of the motion for new trial. Special Ground 4 contends that the court's language: ". . . in explaining the law in reference to certain defenses which the defendant contends are applicable in this case, it will be necessary for me to refer to the plaintiff's ordinary negligence and due care on the part of the plaintiff," was equivalent to a charge to the jury that the plaintiff was guilty of ordinary negligence. This language when construed with the remainder of the charge does not suggest such an opinion or assumption by the court. The manner in which the judge used the terms "due care" and "ordinary care" was not misleading to the jury and the charge was not erroneous. *Pierce v. Southern Ry. Co.*, 8 Ga. App. 426 (69 SE 494); *Brewer v. Gittings*, 102 Ga. App. 367, 372 (116 SE2d 500). There was no error in overruling Ground 4.

3. In Grounds 5, 6, and 7 plaintiff complains of the court's charges on the defendant's contention that plaintiff's injuries were caused by his own negligence, that plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's alleged negligence, and that plaintiff's negligence was equal to or greater than defendant's, and on the law applicable to these contentions.

There was evidence in the case to support charges on these rules of law. Plaintiff argues that these charges did not fit the case because they gave the impression that plaintiff was required to exercise "ordinary care" and did not adequately explain that the law required plaintiff to exercise "only due care of a child of tender years such as its capacity, mental

and physical, fitted it for exercising in the actual circumstances of the occasion and situation under investigation," which is not the equivalent of ordinary care. Immediately preceding these charges the court had explained the meaning of "ordinary negligence and due care on the part of plaintiff" in the very language that plaintiff contends was applicable to him. Considering the charge as a whole, we think that the standard of care required of plaintiff was made clear to the jury. *Brewer v. Gittings,* 102 Ga. App. 367, 372, supra. There was no error in overruling these grounds.

4. In Ground 8 plaintiff contends that there was no evidence in the case to support the court's charge that ". . . one who knowingly and voluntarily takes a risk of injury to his person, the danger of which is so obvious that the act of taking such risk in and of itself amounts to a failure to exercise for his own safety that due care which his capacity, mental and physical, fits him to exercise under the then existing circumstances cannot hold another liable for damages for injuries thus occasioned." We have found no case that would require a decision that the plaintiff's riding on the crossbar of a bicycle along with the other facts and circumstances of this case would be taking a risk that would, or would not, amount to a failure to exercise due care on the part of the plaintiff. This question, like other questions of negligence and proximate cause, must be left to the jury. There was no error in overruling Ground 8.

5. In Ground 10 the plaintiff contends that the court's charge defining the duty to exercise ordinary care in a sudden peril or emergency was inapplicable because there was no evidence to support it. The case of *Christian v. Smith,* 78 Ga. App. 603 (51 SE2d 857), on which plaintiff relies, differs from this case in that there "the child was under 6 years of age and was not chargeable with negligence. . ." and ". . . The 'sudden-appearance' doctrine, involved in cases where a child suddenly appears from behind some obstacle and runs into a vehicle under circumstances where the driver had no occasion to anticipate it and guard against it and could do nothing to avoid collision, . . ." did not apply. The evidence in this case authorized the charge on sudden emergency. There was no error in overruling Ground 10.

6. Ground 11 complains of the following charge: "I charge you

that the driver of a vehicle has a right to assume that the drivers of other vehicles will obey the law. I charge you that one who is himself rightfully using the highway or street has a right to the use thereof which is superior to that of one who is violating traffic regulations, and in the absence of knowledge, one rightfully using the highway or street is not required to anticipate that some other user will unexpectedly violate the law or rule of the road and create a situation of danger." The right to assume that the drivers of other vehicles will obey the law is not an absolute right. A duty to anticipate that some other user will unexpectedly violate the law may exist in some situations. "The right to assume" and the "duty to anticipate" depend upon whether the circumstances are sufficient to warn one driver that another may fail to obey the law, which is a question for the jury. *Hennemier v. Morris*, 48 Ga. App. 840 (173 SE 924); see also *English v. Georgia Power Co.*, 66 Ga. App. 363, 367 (17 SE2d 891). The defendant testified that when he first saw the bicycle it came out from in front of a car; that it rolled out in the middle of the street and continued right down the middle of the road; that he could see somebody in the middle sitting across the bar and could see his feet hanging off the side. The defendant's wife testified: "The small boy had his feet to the right, sticking out toward the right and the larger boy then was holding onto the handle bars and it seemed his feet were sticking, kind of hanging down, he couldn't hold them straight out, hanging down . . . It ran into the middle of the street and my husband started blowing the horn, just continually blowing the horn and pulling over to the left of the curb as far as he could get on the left hand side and then when we were near them he saw they were just about ten feet or twelve feet where he could pass them all right if they stayed in the place they were in at the time but suddenly they cut right into the right fender of our car." The defendant's evidence raised the question whether the circumstances were such as to justify an assumption by the defendant that the bicyclist would obey the law. The court's charge set out above was not a complete statement of the general principle that a person rightfully using the highway has a right to assume that others will obey the law. It should have gone further and explained that whether the

circumstances were such as to warn a driver that another might fail to obey the law, or such that a driver in the exercise of ordinary care could assume that another will obey the law, was a question for the jury. When a judge undertakes to charge the law upon a particular subject, he should charge all on the subject that is material and applicable to the case. *Tucker v. Talmadge,* 186 Ga. 798, 800 (198 SE 726); *Harper v. State,* 17 Ga. App. 561 (87 SE 808). The court erred in overruling Ground 11.

7. Ground 12 complains of an excerpt from the charge in which, first, the judge read certain provisions of an ordinance of the City of Atlanta regulating bicycles (Code of the City of Atlanta, 1953 Cumm. Supp., §§ 30.158, 30.164, 30.166, 30.167, 30.169), set out in the defendant's answer, then gave an instruction as to defendant's contentions with respect to plaintiff's alleged violations of the ordinance, followed by an instruction as to the effect of a finding by the jury that the plaintiff violated the ordinance "by riding on the bicycle of Donald Barber 'other than astride a permanent and regular seat attached thereto,' or riding double on said bicycle if you find it was designed to carry only one person." Section 30.166 of the ordinance provides: "(a) A person propelling a bicycle shall not ride other than astride a permanent and regular seat attached thereto. (b) No bicycle shall be used to carry more persons at one time than the number for which it is designed and equipped." The evidence does not show that the plaintiff was propelling the bicycle, nor does it show the number of persons for which the bicycle was designed and equipped. The fact that the plaintiff was riding on the crossbar alone is not proof either that plaintiff was propelling the bicycle or that it was being used in violation of § 30.166 (b). Therefore, those parts of the charge concerning plaintiff's alleged violation of the ordinance were not applicable to the evidence. There is evidence of an alleged violation of the ordinance by Donald Barber. See Division 9, infra. Therefore, that part of the excerpt complained of which charges provisions of the ordinance was not inapplicable to the case as a whole. Where a portion of an excerpt from the charge, complained of in its entirety, is not erroneous, the assignment of error is not good. *Chandler v. Mutual Life &c. Assn.,* 131 Ga. 82, 87 (61 SE 1036);

*Huckaby v. State,* 23 Ga. App. 812 (99 SE 633); *Louisville & c. R. Co. v. Bean,* 49 Ga. App. 4, 7 (174 SE 209); *Nunnally v. Shockley,* 97 Ga. App. 300, 307 (103 SE2d 74). Therefore, it was not error to overrule Ground 12.

8. Ground 13 complains of a charge as to the accountability of a person between 10 and 14 years of age for negligence per se, on the ground that it was inapplicable and that the alleged negligence per se had no causal connection with plaintiff's injuries. In view of the evidence in the case from which negligence per se on the part of a person between 10 and 14 years of age could be found (see Division 9, infra), it was not error to overrule Ground 13.

9. Ground 14 complains of a charge upon the effect of a finding by the jury that negligence on the part of Donald Barber in violating the aforesaid city ordinance was the proximate cause of the collision. Section 30.167(a) of the ordinance provides: "Every person operating a bicycle upon a roadway shall ride as near to the right hand side of the roadway as practicable, exercising due care when passing a standing vehicle or one proceeding in the same direction." There was evidence in the case that would support a finding by the jury of a violation of the above provision; hence there was no error in overruling Ground 14.

10. In Ground 15, plaintiff complains of the following evidence elicited on cross-examination of his witness: "Q. Doctor Aiken, were you aware that by accident young Charles David George prior to this accident accidentally put out the eye of his younger brother? A. No."

The plaintiff objected to and moved to rule out the evidence on the ground that it was not relevant. Plaintiff thereafter testified on cross-examination that he had not put out his brother's eye. The plaintiff then moved to rule out the evidence on the ground that the statement in the "hypothetical question" was not supported by any evidence and was in direct conflict with the positive evidence. The judge stated he thought this objection was good, but did not rule on it at the time and left the testimony in evidence. We believe, like the trial judge, that the admissibility of the evidence was not established. However, since the record does not show that the plaintiff renewed the objection, or that the court later ruled on it, the admission of the evidence

furnishes no ground for new trial. *American &c. Chemical Co. v. Rhodes,* 139 Ga. 495, 497 (77 SE 582); *Sutton v. Ford,* 155 Ga. 863 (118 SE 747); *Bacon v. Bacon,* 161 Ga. 978 (133 SE 512); *Snow v. Snow,* 71 Ga. App. 316 (30 SE2d 823). There was no error in overruling Ground 15.

11. In Ground 16, the court overruled plaintiff's objection to defendant's questioning of a witness for the purpose of eliciting a statement made by Donald Barber shortly after the collision. The witness testified that Barber "told me that he hit a rock in the street that threw him to the left of the street and he fell into the car." The record shows that Donald Barber testified by deposition as a witness for plaintiff and in his testimony denied that he hit a rock on the street just about the time the car was trying to pass and that he lost control of the bicycle. The plaintiff's objection to the testimony of defendant's witness was that "when they (the defendant) took the deposition of Donald Barber (which the plaintiff put in evidence at the trial) no such question was asked and no foundation has been laid for this particular question as yet . . . it would be pure hearsay and if it is sought to impeach him then the foundation would have to be laid and it has not been laid in this case. . ."

In *Travelers Ins. Co. v. Miller,* 104 Ga. App. 554, 564 (122 SE2d 268), a written statement of a witness was introduced in evidence by agreement as representing what the witness would have testified if present at the trial. We there held that the statement could be impeached by a previous inconsistent statement made to another witness even though the witness was not present at the trial and his former statement could not be "called to his mind" as provided by *Code* § 38-1803. In the present case, since the plaintiff in like manner elected to introduce the testimony of a witness not present at the trial, the statutory requirement of calling to the witness's mind the previous inconsistent statement should be dispensed with. There was no error in overruling Ground 16.

12. Grounds 17 through 20 complain that the trial court admitted testimony of three witnesses, schoolteachers and principal, concerning the character and reputation of the plaintiff and of Donald Barber and whether or not the witnesses would believe them under oath. The testimony of Mr. McCullough was contradictory as to his knowledge of the

plaintiff's general character and reputation in the community in which he lived. Mr. McDevitt testified that he knew the general reputation of plaintiff and Donald Barber in school. Mr. Davis testified that he knew plaintiff's general character and reputation in school. This evidence was admissible under the decisions in *Atlantic &c. R. Co. v. Reynolds*, 117 Ga. 47 (43 SE 456), and *Pethel v. State*, 89 Ga. App. 8 (78 SE2d 428): "When it is sought to impeach a witness by proof of bad character by means of the statutory questions as set forth in *Code* § 38-1804, a witness who is familiar with the witness's reputation in the place where he pursues his regular daily vocation or work may testify as to his reputation in such place, although not familiar with the community in which he lives." There was no error in overruling these grounds.

13. Ground 21 complains of the admission of testimony of the defendant as to what he and Donald Barber said after the impact: "Well, I just walked around the car on the right side, he was on the ground, got up and brushed his clothes off and I said, did you hurt yourself? He said, no, I skinned my elbow. I said, what in the world is the matter with you all, I was over as far as I could get against the curb. He said, I hit a rock and rolled, my wheel turned that way." This evidence was admissible as a part of the res gestae. *United Motor Freight &c. Co. v. Nixon*, 77 Ga. App. 506, 510 (48 SE2d 769). There was no error in overruling Ground 21.

14. Ground 22 complains of the following testimony elicited on defendant's cross-examination of plaintiff's medical witness: "Q. You are not permitted to send your patients to any hospital in Atlanta? A. I haven't tried to send one to a hospital in some time, I don't know whether they would accept the patients or not." Just before this the witness had testified, in answer to questions by the defendant's counsel: "I have worked in every hospital in Atlanta over the years . . . I am not working in any hospital today." On direct examination, he had testified that he had been in practice in Atlanta since about 1920. In view of the testimony as a whole, the evidence has some relevance to the witness's qualifications and experience as an expert, and it was within the discretion of the trial judge to permit this cross-examination. *Lane Drug Stores v. Brooks*, 70 Ga. App. 878, 889

(29 SE2d 716); *Russell v. Bass*, 82 Ga. App. 659, 662 (62 SE2d 456). There was no error in overruling Ground 22.

15. Ground 23 complains of the admission in evidence of the provisions of an ordinance of the City of Atlanta, supra (Division 7). The plaintiff argues that any alleged violation of the ordinance had no causal connection with the plaintiff's injuries. The evidence would have authorized the jury to find that Donald Barber violated § 30.167 of the ordinance, supra (Division 9), and if they found such a violation, it would be for them to determine whether it contributed to causing plaintiff's injuries. Plaintiff argues also that the ordinance is unreasonably discriminatory against users of bicycles and thus violates Art. I, Sec. I, Par. 2 of the Georgia Constitution (*Code Ann.* § 2-102). Plaintiff cites no case that supports this contention and we have found none. Bicycles are "generally treated as vehicles having a common right to the use of the streets and highways . . . and they are subject to all just and reasonable requirements for the safety and convenience of other users of such streets and highways." A municipality "may enact such ordinances governing the use thereof as shall be necessary, in its judgment, to protect the public, providing they are reasonable; and if it does this without undue discrimination, and all who are subject to the ordinance are treated alike . . . equal protection of the laws is not denied." City of Des Moines v. Keller, 116 Iowa 648 (88 NW 827, 828). We think that the Atlanta ordinance meets this test. City of Emporia v. Wagoner, 6 Kan. App. 659 (49 P 701); 64 CJS 215, § 1768. Other objections made in this ground of plaintiff's motion for new trial are not argued and are treated as abandoned. There was no error in overruling Ground 23.

16. In Ground 24, the plaintiff contends that the court's charge, "The credit to be given to a witness's testimony where impeached for general bad character or for contradictory statements out of court shall be for the jury to determine." Since evidence offered for impeachment was properly admitted in the case, the charge was applicable and not harmful to plaintiff. There was no error in overruling Ground 24.

17. In Ground 25 plaintiff complains of the defendant's cross-examination of plaintiff's father, which elicited an admission that he had previously made a statement "something like"

he wished he had never seen a bicycle, that this whole incident had completely torn up his home and the very next time there was an incident like this occurring he was going to pay the other fellow involved $10 and go home and not say anything. A witness for the defendant testified that plaintiff's father had made such a statement to him, and the record does not show this was objected to. The defendant states in his brief that the purpose of this line of questioning of the plaintiff's father was to lay a foundation to impeach the witness had he given a different answer. The plaintiff's father's attitude was not relevant to the case, so that this questioning for the purpose of impeaching him was not permissible under *Code* § 38-1803. *Futch v. State*, 90 Ga. 472, 473 (16 SE 102). However, the admission of the evidence complained of was not reversible error because other evidence of the same import was admitted in the case without challenge. *Cooley v. Bergstrom*, 3 Ga. App. 496, 499 (60 SE 220); *Corley v. Russell*, 92 Ga. App. 417, 422 (88 SE2d 470). There was no error in overruling Ground 25.

*Judgment affirmed on the direct bill of exceptions. Judgment reversed in part, for the reason stated in Division 6 only, and otherwise affirmed on the cross-bill of exceptions. Felton, C. J., and Bell, J., concur.*

DECIDED MARCH 12, 1962.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, C. James Jessee, Jr.*, for plaintiff in error.

*G. Seals Aiken*, contra.