### 2349.  HOWARD PIANO COMPANY *v.* GLOVER.

1. If a written contract is declared on in the pleadings as the basis of the suit, the defendant can not deny its execution or assert an alteration in it, without filing, under oath, a plea of non est factum, or a plea in the nature of a plea of non est factum.

2. Where an instrument in writing which has not been declared on as the basis of the suit is offered in evidence, the defendant may, without formal pleadings, attack it as a forgery, or may show that it has been materially and fraudulently altered since its execution. To change a promise to pay, from one amount to a larger sum, without the maker's consent, is ordinarily to be considered, per se, as materially and fraudulently altering the instrument.

3. While an unambiguous, valid, written contract is not ordinarily variable by parol testimony, a dispute as to the existence of the contract, including questions as to alterations, is an inquiry in which parol evidence is ordinarily admissible. · Parol evidence is admissible to show that a contract has been materially altered since execution.

(*a*) Where the maker of an instrument, given for the purchase-price of property, claims that the written contract, when executed, designated a certain sum as the purchase-price, and subsequently was altered so as to raise the amount to be paid, it is relevant to show, in corroboration of testimony as to the alteration, that, in the parol negotiations which the parties undertook to embody in the written contract, the smaller sum was the one agreed upon. In such cases it is also relevant to show, as a circumstance, that the maker of the instrument had frequently asked the payee for a copy of it, and the payee had refused to give it.

4. Tender, to be valid, should generally be unconditional. However, a tender of money is not vitiated by being coupled with a demand for a receipt for the amount paid, or, if the indebtedness be represented by a writing, by being coupled with a demand for the writing, if extinguished by the payment.

Appeal; from Fulton superior court—Judge Ellis. November 20, 1909.

Argued March 3,—Decided March 11, 1910.

The piano company sued out a purchase-money attachment, alleging that Miss Ava Glover was indebted to it in the sum of $60 for the purchase of a piano. She filed a defense stating that she had bought the piano for the price of $350, and had paid $340 and tendered the other $10, but that the plaintiff refused to accept the other $10, claiming that $60, instead of $10, was due upon it. By amendment she set up that she had signed a written contract for the purchase of the piano, in which the price of the piano was stated as $350, and that "the instrument signed by her has been altered and changed since she signed said instrument, and the

change so made was fraudulent and without her knowledge or consent." The plaintiff moved to strike these pleas on the ground that their effect was to vary by parol a written, unambiguous contract; also because the plea of tender was insufficient, in that it was a conditional tender. The condition of the tender was that the plaintiff should deliver to her the note which she alleged was paid in full by the sum so tendered.

The plaintiff's petition did not set out or refer to the written contract. When the written contract was introduced in evidence it purported to be for $400. The defendant proved by herself and by a number of other witnesses that the price agreed on was $350, and that this sum had been inserted in the written contract. This testimony was admitted over the plaintiff's objections, that it tended to vary by parol the terms of an unambiguous written contract, that the evidence was not authorized by the pleadings, and that it did not appear where or by whom the alleged alteration was made, or that it was intentional or was for the purpose of defrauding the defendant, and that the contract itself was the best evidence of what it showed. The jury found in favor of the defendant; incidentally thereby finding that the instrument had been raised in amount since its execution, and that the tender was valid.

*Carl N. Guess, C. B. Rosser Jr.,* for plaintiff.

*T. C. Battle,* for defendant.

POWELL, J. (After stating the foregoing facts.)

1. Where the plaintiff declares on a contract in writing and the defendant denies the execution of the paper thus sued on, or claims that the paper as then existing and declared on is not in the condition in which it was when it was signed, he must file his denial under oath, by a plea of non est factum, or a plea in the nature of a plea of non est factum. Civil Code of 1895, § 3701. However, where the instrument is not declared on and is merely offered as part of the evidence in the case, the other party may attack it as a forgery, without pleadings, and may show either that it was never executed, or that it has been fraudulently and materially altered by the opposite party since its execution. If the amendment to the plea in this case had been necessary, it would not have been sufficient, for the reason that it did not set out the nature of the alteration with sufficient definiteness. However, as it was

mere surplusage, any action of the court thereon was immaterial. The plea was good, irrespective of this part.

2. If the contract is not set forth and pleaded as a basis of the action, so as to require a denial under oath, and the party, pending the trial, offers it in evidence, a physical alteration appearing in a material part of it requires explanation before it can be admitted in evidence. However, as soon as a prima facie case of explanation is made, the judge submits the issue as to the fact of the alteration to the jury; the materiality of the alteration always being a question for the court. Civil Code of 1895, §§3703, 3704. But if the fact of the alteration does not appear by casual inspection of the instrument, and prima facie proof of the execution is offered to the court, and the court provisionally permits its introduction in evidence, the opposite party may, nevertheless, introduce evidence showing that it has in fact been altered; and if the alteration is material and is unexplained, the jury are authorized to deny validity to the paper. In such cases no formal pleading is required. The plaintiff may bring all proof in his power to show that the paper has not been altered, and the defendant, on the other hand, may attack it and in any legitimate way show the alteration.

3. Certainly the parol-evidence rule is not violated by allowing a party, against whom a paper is offered, to prove by parol that the paper has been altered in a material part. In this case there can be no question as to the materiality of the alleged alteration. To change a promise to pay by substituting $350 for $400 is certainly a material alteration; and when it appears, as it does in this case, that ever since its execution the paper has been in the possession of the party offering it, there is no question before the court as to who altered it, if it has been altered. While written contracts are not to be varied by parol evidence, yet until a writing is shown to be the legal embodiment of a contract, the mere production of the unproved writing does not cut off parol inquiry. As corroborative of the defendant's testimony that the amount stated in the writing at the time she signed it was $350, it was perfectly relevant to show that the parol agreement which was supposed to be merged into the writing contemplated only that amount. Likewise, as tending to illustrate the plaintiff's good faith or lack of good faith, it was permissible for the defendant to prove that she

had repeatedly asked the plaintiff for a copy of the contract, and that the plaintiff had declined to give it.

4. As to the plea of tender: the plaintiff makes two points against it,—(1) that it was conditional, having been coupled with a demand for the surrender of the purchase-money note; (2) that it was not complete, as the paper had been drawing interest, and no interest was tendered. Tender, generally speaking, to be available as a defense, must be unconditional. However, it does not vitiate a tender of money to couple it with a demand for a receipt for the amount, or, if it fully discharges an instrument, to couple with it a demand for the surrender of that instrument. The record does not sustain the plaintiff's position as to the interest. Apparently the payments were made as they became due, and the final $10 was tendered at the time it was payable. The contract contained the following language: "with interest from date at the rate of 8 per cent. after due." We construe this as providing for interest only after maturity. While the expression "interest after date" would ordinarily mean interest from the date of the instrument, yet the context here clearly shows that it referred not to that time, but to the time when the payments should become due.

*Judgment affirmed.*