GEORGIA STEEL COMPANY *et al. v.* WHITE.

HOLDEN, J.  T. C. White brought a suit to recover of the Georgia Steel Company and the Southern Steel Company on an account for the price of lumber delivered to the Southern Steel Company, and for the foreclosure of a lien on the real estate of the Georgia Steel Company in the improvement of which the lumber was used by the Southern Steel Company (a claim of such lien having been recorded within three months from the time the lumber was so furnished), and for other purposes. It was claimed by White, who was the owner of a sawmill, that a contract was made by him with the Georgia Steel Company to saw lumber from its timber, and that certain lumber was sawed thereunder and delivered to this company, all of which was paid for, and that the lumber thereafter sawed was delivered by him to the Southern Steel Company, who used the same in the improvement of the real estate of the Georgia Steel Company, on the property of which the lien was claimed. The only witness introduced upon the trial of the case was White, who testified that under a letter to him (introduced in evidence) written on the letter-head of the Georgia Iron & Coal Company and signed by "J. Farmer, Supt.," ordering the plaintiff to cut lumber, he sawed from timber on the lands of the Georgia Steel Company 17,000 feet of lumber and delivered it to Farmer, who said he was the superintendent of this company, and afterwards delivered the lumber for the price of which the suit is brought to the Southern Steel Company. He testified that he understood the Southern Steel Company "bought out" the Georgia Steel Company. There was no legal testimony to show any connection between the two companies, and there was no testimony sufficient to require a finding that the Georgia Steel Company authorized a delivery of the lumber to the other company, or ratified such delivery. *Held:*

1. The following letter: "Georgia Iron & Coal Company. Cole City, Georgia, Sept. 5, 1906. Mr. T. C. White, Pisgah, Ala. Dear Sir: In line with our conversation regarding sawmill and bill of lumber, I am pleased to advise you that I am in position to offer you a bill of lumber of 100,000 feet to begin on. We will no doubt need more lumber than above amount, but the 100,000 ft. will justify you putting your mill

up here. As a matter of fact, and in line with our agreement, we will expect you to cut and deliver on our railroad this bill, and all other bills, for $9.00 per 1000 ft. Also expect you to begin cutting this bill fifteen days from date of this letter. Please acknowledge receipt of this letter, and advise whether or not you will be able to do this. Yours very truly, J. Farmer, Supt.," was inadmissible in behalf of the plaintiff to bind the Georgia Steel Company to pay for any lumber cut in pursuance of such letter, it not appearing that Farmer, whose name was signed thereto, was the superintendent or other agent or officer of the Georgia Steel Company, or that the latter authorized any one to write such letter, or afterwards ratified the same.

2. It was error to admit in evidence the following letter: "Gadsden, Ala. 3/17/1908. T. C. White, Esq., Trenton, Georgia. Dear Sir: Yours, 5th, received, while I was away from home. I would advise you to hold on to your lumber ready to sell it to the new company. I don't think it will be long before you will be called on for it. Respy. E. T. Shuler," it not appearing by any legal evidence that the one whose name was signed thereto was authorized to write such letter by either· of the companies, or that he was an agent or officer of either of such companies.

3. It was error to admit, over objection of the defendants, evidence of White that "I suppose J. Farmer was the superintendent of the Georgia Steel Company, or the Southern Steel Company." Such evidence merely expressed the opinion of the witness. ·

4. It was error to admit, over objection of the defendants, testimony of White that J. Farmer had stated to him that he was superintendent of and represented the Georgia Steel. Company. Agency can not be proved by the declarations of the agent.

5. Error was assigned on the order of the court overruling the demurrer of the defendants to the petition of plaintiff; but no reference to this point was made in the brief of counsel for the plaintiffs in error, and it will be considered as abandoned.

6. Regardless of whether there was a contract between White and the Georgia Steel Company, as claimed by the former, the evidence was not such as to require a finding that the Georgia Steel Company was liable to pay for the lumber delivered by White to the Southern Steel Company, there being no legal testimony showing what, if any, connection this company· had with the other company, nor any testimony requiring a finding that the Georgia Steel Company originally authorized a delivery of the lumber to the other company, or ratified such delivery, and the accounts being made out against the Southern Steel Company by White, who testified that he supposed it was the company which owed him the account. The court erred in directing a verdict against the Georgia Steel .Company for the price of the lumber so delivered.

7. Where the owner of a mill saws lumber from timber of another under contract with the latter to be paid therefor, a named sum per thousand feet, and he delivers the lumber to the owner of the land or his agent, and the latter uses it in the improvement of the owner's real estate, the owner of the mill does not occupy the position of a materialman furnishing material for the improvement of real estate, and can not,

as such, assert a lien for the amount contracted to be paid for the sawing of the lumber against such property in the improvement of which the lumber is used.

8. If the proprietor of a sawmill, under the Civil Code (1910), § 3356, seeks to assert a lien under section 3354, after surrender of the lumber sawed, he must record his lien within ten days, as required by the latter section.

9. Where facts exist under which the proprietor of a sawmill can have a materialman's lien on real estate for lumber sawed for the owner from timber belonging to the latter and furnished to improve his real estate, no such lien is shown to exist by merely proving that the former furnished the lumber to another who used it in improving such real estate. *Pittsburg Plate Glass Co.* v. *Peters Land Co.*, 123 *Ga.* 723 (51 S. E. 725); *Central of Georgia Ry. Co.* v. *Shiver*, 125 *Ga.* 218 (53 S. E. 610). If lumber thus sawn is furnished to a contractor, in a proceeding to foreclose a materialman's lien a prima facie case is not made out by proving merely the value of the material furnished and that it was used in the improvement of the real estate, in view of the provisions of the Civil Code (1910), § 3352, that "in no event shall the aggregate amount of liens set up hereby exceed the contract price of the improvements made." *Stevens* v. *Georgia Land Co.*, 122 *Ga.* 317 (50 S. E. 100).

(*a*) The court erred in directing a verdict fixing a lien on the property of the Georgia Steel Company. The entire verdict and judgment in favor of the defendant in error is directed to be set aside.

*Judgment reversed.    All the Justices concur.*
June 22, 1911.

Foreclosure of lien. Before Judge Fite. Dade superior court. March 28, 1910.

*Chambliss & Chambliss* and *Payne, Foust & Tatum,* for plaintiffs in error.