13493.  COLT COMPANY v. BUTLER.

JENKINS, P. J.  1. The special plea in the nature of non est factum, whereby the defendant set forth under oath that the instrument sued on had, since its execution, been intentionally, fraudulently, and materially altered by a person claiming a benefit thereunder, by expunging therefrom a certain condition embodied in the agreement at the time the instrument was signed, under which• the defendant had been given six months in which to test the commodity purchased, with the right, if it did not prove satisfactory within that time, ·to reject it, set forth a good defense, such as would void the contract. Civil Code (1910), § 4296. Such a defense does not run counter to the parol evidence rule (*Howard Piano Co.* v. *Glover*, 7 *Ga. App.* 548, 550 (3), 67 S. E. 277); and the court did not err in refusing to strike the plea.

2. Where the execution of an instrument sued on is denied on oath, there must, before it can be introduced in evidence, be some proof of its execution, after which the issue made under the plea must be determined by the jury according to the preponderance of the evidence. *Bank of Norwood* v. *Chapman*, 19 *Ga. App.* 709 (6) (92 S. E. 225). Where, however, the execution of the instrument is admitted, there is ordinarily a presumption that alterations appearing on its face were made prior to its execution (*Printup* v. *Mitchell*, 17 *Ga.* 558, 63 Am. D. 258; *Higdon* v. *Williamson*, 140 *Ga.* 187, 78 S. E. 767); but this presumption no longer obtains when a plea in the nature of non est factum has been filed, seeking to avoid the instrument as a whole by setting forth certain material alterations as having been intentionally and fraudulently made by an interested party subsequent to its execution. In such a case, if such alterations are manifest upon a casual inspection of the instrument, and if the judge shall deem them to be material (Civil Code of 1910, § 4297), the instrument cannot be admitted in evidence until the plaintiff shall have first submitted some evidence satisfactorily explaining them. *Gwin* v. *Anderson*, 91 *Ga.* 827 (3) (18 S. E. 43); *Wheat* v. *Arnold*, 36 *Ga.* 479; *Howard Piano Co.* v. *Glover*, supra.

3. In the instant case, save the exceptions taken pendente lite to the overruling of the plaintiff's motion to strike the plea, the only exception taken is to the ruling of the court sustaining the defendant's objection to the admission in evidence of the instrument sued on. The exception as certified does not disclose the ground of the objection made by the defendant to the introduction of the instrument, nor does it show that the instrument tendered in evidence and rejected by the court was, upon casual inspection, free from the alleged alteration as charged by the plea. Since the record thus fails to disclose the existence or nonexistence of facts such as under the pleadings would render the instrument admissible, this court cannot presume that the judge erred in rejecting it. *Bond* v. *Watson*, 20 *Ga.* 125 (6); *McConnell* v. *Slappey*, 134 *Ga.* 95 (5) (67 S. E. 440).

*Judgment affirmed. Stephens and Bell, JJ., concur.*
DECIDED JANUARY 17, 1923.

Complaint; from Oconee superior court — Judge Fortson. January 24, 1922.

*R. M. Nicholson,* for plaintiff.  *Wolver M. Smith,* for defendant.