### 47055. ARGONAUT INSURANCE COMPANY et al. v. GOLDMAN.

EVANS, Judge. This is a workmen's compensation case which arises out of a change of condition. The employer and claimant entered into an agreement to pay compensation following an accident of February 24, 1970, which agreement was approved by the board. The parties thereafter, by supplemental agreement, duly approved, agreed that the claimant was able to return to work on March 5, 1970; but thereafter agreed that he again became totally disabled on April 11, 1970. A further supplemental agreement was executed by the parties and approved by the board to the effect that claimant was able to return to work on June 9, 1970. Claimant never worked after this last agreement was signed and approved. A hearing on the basis of a change of condition was thereafter requested. No change was found by the deputy director, but, on appeal, the full board found there was a change. The award by the full board was that claimant was totally disabled as of June 10, 1970, the day after he agreed in the doctor's office that he was able to return to work. The finding of fact was, in substance, that while the claimant, at the moment of execution of the agreement "perhaps was able to return to work," on the day following, his condition did change so that he was not able to return to work. The finding of fact, contains the following: "The medical testimony, while in conflict, does agree that the claimant does have some disc pathology and in the opinion of at least one medical witness, the accident sustained by the claimant was sufficient aggravation of this pathology to produce total disability."

On appeal to the superior court the award of the full board was affirmed, with direction allowing the insurer and employer to take credit for all weeks paid under prior agreements. The employer and insurer appeal. *Held:*

The very nature of the claimant's physical condition shows an "on again off again" situation as to his back troubles

and ability to work. But, under the "any evidence" rule, in the absence of fraud, an award by the board is binding on all courts, including this one. See *Royal Indem. Co. v. Land,* 45 Ga. App. 293, 297 (164 SE 492); *Webb v. General Acc. &c. Ins. Co.,* 72 Ga. App. 127 (33 SE2d 273); *Davis v. Bibb Mfg. Co.,* 75 Ga. App. 515, 518 (43 SE2d 780); *Ocean Acc. &c. Corp. v. Bates,* 104 Ga. App. 621 (122 SE2d 305). When an injury is sustained, and thereafter continued disability ensues, such injury is the proximate cause of the disability, in the absence of some intervening cause, and the burden of showing such intervening cause is on the employer. *Royal Indem. Co. v. Land,* 45 Ga. App. 293, 297, supra. It appears that the deputy director attached much importance to evidence that claimant testified that on April 11, while engaged in sexual intercourse, he felt a "bad pop in his back," but again was able to return to work on June 9, 1970. She (the deputy director) stated that no change in condition had been shown by claimant although there was medical testimony in regard to his back trouble. But, as was found by the full board, the evidence is ample that his back trouble arose out of and in the course of his employment, and while he did sign an agreement that he was able to return to work, the condition of his back, or subsequent aggravation of his injuries, changed the situation, and he was not as well as he believed himself to be when he signed the agreement.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*
Submitted April 3, 1972—Decided April 13, 1972— Rehearing denied May 1, 1972.

*Savell, Williams, Cox & Angel, Lawson A. Cox, II,* for appellants.

*Wall, Parker & Campbell, Alford Wall,* for appellee.