## 48896. LANIER et al. v. ROMM et al.

CLARK, Judge.

Appellants by their qualification as executors of the estate of H. B. Timms became holders of a purchase money promissory note and loan deed made by defendants Romm and Rauzin. Both of the instruments were dated August 11, 1966. For convenience we designate the appellants who were plaintiffs in the trial court as "lenders" and the appellees who were defendants below as "borrowers."

The original principal of the purchase money debt was stated in both the promissory note and loan deed as $117,150. The land security consisted of 33 acres fronting on Roosevelt Highway in Fulton County and bounded on one side by Delano Road. The indebtedness was to be paid

in five annual instalments plus interest with the last instalment being due August 11, 1971. In the loan deed was a release clause which read: "Grantee herein agrees to quit claim and release from the lien of this instrument various parcels of land from time to time designated by Grantors herein upon the payment of Grantors herein to Grantee herein the sum of Ten Thousand and No/100 ($10,000.00) Dollars per acre of the land to be so released. Such release payments are to be in addition to the required annual instalment set out above." (R. 9).

On October 3, 1969, without the knowledge or consent of the lenders the borrowers dedicated 1.056066 acres of the secured tract to Fulton County for relocation of Delano Road. Fulton County accepted this dedication from the borrowers alone. The record does not indicate any effort by either Fulton County or the borrowers to obtain a release or quitclaim from the grantee of the recorded loan deed. Although one of the executors noticed construction of the relocation project of Delano Road in the latter part of 1969 or early part of 1970 and requested details from one of the borrowers, there were no steps taken to enjoin construction or protest the relocation or to foreclose. When, however, lenders acquired complete notice of the dedication details in 1971 they commenced activity which resulted in this litigation.

Their first step was by a letter to the borrowers from their attorney dated August 23, 1971. Therein the lenders stated their contention that in addition to the principal and interest owing on the promissory note which contained no reference to the release provision, there was owed to the lenders an extra sum of $10,560.66 plus interest from the date of the dedication. This contention was expressed thusly: "You have dedicated without the knowledge or consent of the Grantee in excess of one acre of land to Fulton County for a change in the location of the exit of Delano Road, which is equivalent to a quit-claim and release to Fulton County within the meaning of the . . . deed to secure debt." (R. 13). This missive also gave notice of attorney fees to be added pursuant to Code Ann. § 20-506 if payment of the total amounts including the additional sum claimed under the release provision was not paid within ten days.

On September 2, 1971, borrowers offered payment to lenders' attorney by check but limited the amount to the unpaid principal and accrued interest on the note and without including the additional amount claimed by lenders under the release provision of the loan deed. This was submitted with the condition that a satisfied note and loan deed be delivered. Lenders were not willing to accept this offer. On the following day the borrowers through their attorney renewed their offer but tendered cash amounting to the unpaid principal of the note plus all accrued interest and again with the express condition that the lenders deliver the promissory note and the loan deed marked satisfied. The lenders through their attorney refused this cash tender with the conditions and contended that an additional amount was due because of the dedication of the land to Fulton County.

The instant suit was thereafter filed "claiming amounts due for principal, accrued interest, attorney fees thereon, released payments for 1.056066 acres of land, accrued interest from October 3, 1969, and attorney fees thereon." (R. 48). In their answer the defendant borrowers admitted the principal debt and accrued interest but denied liability for the attorney fees thereon because of the cash tender of September 3 which had been coupled with a demand for satisfied notes and loan deed. They tendered the same amount into the registry of the court plus interest from the tender date to the date of filing their answer. They denied owing the lenders any amount under the release provision and also denied owing attorney fees. Further relief was prayed in the form of a court order for plaintiff lenders to mark satisfied both the note and loan deed.

The trial court ruled favorably for the defendant borrowers, upheld the validity of the tender and therefore no liability for attorney fees. The court further concluded that "The release provision of the deed to secure debt can not and does not alter, vary or create a liability upon the defendants for a sum in excess of the total face amount of the indebtedness." (T. 50). As the sum paid into court represented the amounts legally owed lenders they were directed to mark the promissory note and loan deed satisfied. This appeal by lenders is

from that judgment.

1. The dedication by borrowers alone was a unilateral act which conveyed only such title and interest as they possessed. It did not affect the title which lenders had under the loan deed and which remained of full force and effect. Accordingly, the release provision of the loan deed was not involved in the transaction with Fulton County. Of course if Fulton County had undertaken to obtain clear title to the land that was dedicated then a different situation would have developed because the borrowers would then have needed to obtain a release of the dedicated land in order to give Fulton County full title. The release provision could only have been exercised by an act on the part of the mortgagee or his heirs and assigns. As one may not convey a greater interest in land than the grantor possesses, the dedication by the borrowers accepted by Fulton County had no effect upon the title held by the grantee in the loan deed or his executors. See *Jacobs Pharmacy Co. v. Luckie,* 143 Ga. 457 (85 SE 332).

In view of our ruling it is unnecessary for us to deal with those questions which have been argued concerning the construction that should be placed on the release provision. We therefore do not decide whether this provision was an agreement to alter or add to the indebtedness contained in the promissory note nor whether it should be considered a penalty or liquidated damages. It also obviates the necessity for us to deal with the question of waiver or estoppel by conduct of the lenders. Obviously we do not need to deal with any duty of the borrowers to the public as they could have conveyed only their equitable interest and have since made full payment of the amounts legally owed lenders.

2. Under the provisions of Code § 20-1105 the borrowers were legally correct in coupling their cash tender with a demand for surrender of the promissory note and cancellation of the loan deed because this Code Section provides that the tender must be unconditional "except for a receipt in full or *delivery of the obligation.*" (Emphasis supplied.) As was said by our court in Headnote 4 of *Howard Piano Co. v. Glover,* 7 Ga. App. 548 (67 SE 277): "[A] tender of money is not vitiated by being

coupled with a demand for a receipt for the amount paid, or, if the indebtedness be represented by a writing, by being coupled with a demand for the writing, if extinguished by the payment." This is in accord with *Bourquin v. Bourquin*, 120 Ga. 115 (47 SE 639) where beginning at page 119 there is an explanation by the Supreme Court in these words: "[W]here a creditor refuses to accept a proper tender, the claim is not extinguished, nor is the debtor harmed by the refusal. He still has his money. He may lend it or use it in business. If, however, he wishes to stop the running of interest, or to prevent the accrual of costs, he must keep the tender good. Civil Code, § 3728. But where the creditor has collateral, mortgage, or other form of security upon the property of the debtor, the failure to accept a legal tender discharges the lien which was intended to secure payment. When it has accomplished its purpose it ought not longer to be effective against him who has done all required by the law or the contract to cancel the mortgage or to regain possession of the pledge. The debtor offers the money for the two-fold purpose of paying his debt and redeeming his property. The creditor may indeed decline to receive what is due, but he can not couple with his declination a refusal to cancel the lien or surrender that which thereafter belongs to the debtor free from the incumbrance. The debtor may wish to use the property pledged. He may wish to sell that which is incumbered, and by the act of the creditor in refusing proper tender he is prevented from having and using his own. It is evident that to allow such results would often work manifest hardship; and hence the rule, recognized by most of the authorities, is that upon the proper tender being made, while the original debt may continue, the lienor is entitled to a satisfaction of the lien or to be restored to possession of the property. One of the ways for enforcing this right is the provision that the refusal of a proper tender discharges the lien. The debt continues, 'but the tender is equivalent to payment as to all things which are incidental or accessorial to the debt. The creditor by refusing to accept does not forfeit his right to the thing tendered [money], but he does lose all collateral benefits or securities.' Tiffany v. St. John, 5 N.

536

Y. 314; *McCalla v. Clark,* 55 Ga. 53." That earlier decision of *McCalla v. Clark* cited in *Bourquin* states in its opening words that "Tender of the debt . . . terminates the creditor's right to retain possession of a pledge held as collateral security."

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 7, 1974 — DECIDED APRIL 2, 1974.

*Houston White, Sr.,* for appellants.
*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart, Richard D. Elliott,* for appellees.