49116. CLARK v. FIREMAN'S FUND INSURANCE COMPANY et al.

BELL, Chief Judge.

The deputy director denied compensation for an accidental injury solely on the failure of the claimant to give notice of the accident as required by Code § 114-303. The hearing director found as a fact that the claimant never told her "supervisor, Max Morrison," about the accidental injury and that she advised the personnel and safety director of the employer of the accident more than four months after her disability occurred. Immediately following the findings of fact, the director recited in what he labeled "Conclusions of Law," the following: That the claimant told "James Russell" her "crew leader" about her accident; and from the undisputed testimony of the witnesses of the employer the crew leader did not occupy any supervisory position over the claimant. Relying upon the definition of supervisor set forth in *New York Life Ins. Co. v. Rhodes,* 4 Ga. App. 25 (60 SE 828), the deputy concluded that under the undisputed evidence of employer's witnesses, James Russell was not in that category. *Held:*

1. It is apparent that the board found that claimant

made a timely report to the crew leader but concluded as a matter of law that this notice was insufficient as he was not a "supervisor." Code § 114-303 provides in part that the notice of injury shall be given to the "employer, his agent, representative, or foreman or the immediate superior of the injured employee. . . " The claimant testified that the crew leader was the person to whom problems were to be taken; Max Morrison testified that while he and not the crew leader was the "supervisor" of the claimant, he admitted that as between himself and the crew leader they occupied the roles of "company commander" and "platoon leader," respectively; that the crew leader had authority to tell persons under him what to do and what not to do; that the crew leader was responsible for getting tools out for employees to work with and to keep the production line of the employer moving; and that the crew leader received a higher hourly wage than the claimant. The personnel director testified that a crew leader more or less helps direct the people in their daily job activities after he has been instructed by the supervisor who was above him but that he did not have any disciplinary authority over the employees under him. The deputy director and the board obviously placed great stress upon the term "supervisor" and the evidence that the crew leader was not a "supervisor" within the organizational structure of this employer. However, the statute says that the notice shall be given to the employer, his agent, representative, or foreman, or the immediate superior of the injured employee. Ordinary words should be given their ordinary meaning. Webster defines superior as "One who is above or surpasses another, as in rank, station, office, merit, or the like" and foreman as "A leader, one in front. The chief workman in a gang or crew. Person in authority over a group of workmen." Applying these definitions to the evidence a finding was authorized that the crew leader was in relation to claimant either a foreman or immediate supervisor. Thus the award was based upon the erroneous legal theory that notice must be given to a supervisor only and since the crew leader was not a supervisor that claimant's notice to him was as a matter of law insufficient. Where it affirmatively appears that

the award is based upon an erroneous legal theory and not upon proper consideration of the evidence and applicable legal principles, the case should be remanded to the board for further findings. *Barbree v. Shelby Mut. Ins. Co.,* 105 Ga. App. 186 (123 SE2d 905). Accordingly, the superior court erred in affirming the award. We reverse and direct that the proceeding be remanded to the board for further proceedings consistent with this opinion.

2. There is no merit in the other enumeration of error that the board acted only in an appellate capacity.

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*

ARGUED MARCH 4, 1974 — DECIDED MAY 15, 1974.

*Brown, Harriss & Hartman, Don L. Hartman,* for appellant.

*Pittman, Kinney, Kemp, Pickell & Avrett, Maurice M. Sponcler, Jr.,* for appellees.