51673. UNIGARD INSURANCE COMPANY et al. v. ELMORE et al.

DEEN, Presiding Judge.

The deceased employee in this workmen's compensation case was driving a loaded truck at an estimated speed of about 50 miles per hour on a straight road in daylight approaching an obstructed intersection with an unpaved road. The truck, without showing any skidmarks on the highway, ran off the pavement and traveled 252 feet before hitting an embankment and fatally injuring the driver. There were no eyewitnesses. The deputy director returned an award in favor of the widow claimant which was affirmed by the full board and that judgment in turn was affirmed by the judge of the Superior Court of Jefferson County. We deal with the basic issues underlying the appeal.

1. It is not contested that the accident arose in the course of the employment.

2. A report on a blood sample showing .15% blood alcohol was properly rejected. A state trooper present at the hospital testified that he asked a nurse for a blood sample, that she brought him a blood sample, that he thought it was taken by a Dr. Pilcher but that the latter "couldn't swear to it." No hospital record of the procedure was kept. The superior court judge in affirming the award quoted from *Interstate Life &c. Ins. Co. v. Whitlock,* 112 Ga. App. 212, 223 (144 SE2d 532) that "it would seem necessary for the admissibility of this evidence to lay a

proper foundation by showing the identity of the sample tested with the decedent and the chain of custody to render the report admissible." Accord, *Pittman v. State,* 110 Ga. App. 625 (139 SE2d 507); *Elliott v. Leavitt,* 122 Ga. App. 622 (178 SE2d 268). No testimony was offered that the blood sample handed the trooper was in fact drawn from the decedent's body. We recognize the primacy of *Patterson v. State,* 224 Ga. 197 (2) (160 SE2d 815), holding that where the evidence shows the blood sample was handled in the normal course of testing, the "identity of such blood samples need not be proved beyond all possibility of doubt or that all possibility of tampering with them be excluded. The circumstances need only establish reasonable assurance of the identity of the sample." But we do not have such assurance where there is no testimony that *this* blood was taken from *this* man, nor any other record of the event, although the totality of circumstances suggest a probability that it might have been. In *Patterson* the fact that the blood sample was taken from the defendant was established; here it is not. The report was properly refused.

3. Compensation awards supported by any competent evidence will be sustained. *Argonaut Ins. Co. v. Goldman,* 126 Ga. App. 176 (190 SE2d 152). Where an accident occurs in the course of employment otherwise unexplained a presumption arises that it is compensable. *Hartford Acc. &c. Co. v. Cox,* 101 Ga. App. 789 (115 SE2d 452). While some of the evidence is contradictory, the employer's evidence does not demand a finding that the appellant by undisputed evidence carried the burden of showing that the employee was intoxicated, and that his death proximately resulted therefrom.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED JANUARY 15, 1976 — DECIDED JANUARY 29, 1976 — REHEARING DENIED FEBRUARY 17, 1976.

*Savell, Williams, Cox & Angel, John M. Williams, J. Caleb Clarke, III,* for appellants.

*Lanier, Powell, Cooper & Cooper, Edward B. Stalnaker, T. J. Foss,* for appellees.