## 54003. BURGESS v. COTTON STATES INSURANCE COMPANY et al.

SHULMAN, Judge.

This is a workmen's compensation case. After signing an agreement that he was able to return to work, appellant attempted to have the agreement set aside and compensation continued. He appeals from an order affirming the award of the State Board of Workmen's Compensation which refused to set aside the ability to work agreement and denied compensation for an alleged change in condition.

1. Three enumerations of error directed to the administrative law judge's findings of fact are without merit. There was evidence to support the finding

complained of and the ruling was supported by the findings of fact. See *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410-11 (224 SE2d 65). See also *Atkinson v. Home Indemnity Co.,* 141 Ga. App. 687 (234 SE2d 359).

2. Appellant contends that the award was based on an error in law because the administrative law judge failed to apply a presumption which arises from proof of continued disability: "When an injury is sustained, and thereafter continued disability ensues, such injury is the proximate cause of the disability, in the absence of some intervening cause, and the burden of showing such intervening cause is on the employer. [Cit.]" *Argonaut Ins. Co. v. Goldman,* 126 Ga. App. 176, 177 (190 SE2d 152). Unfortunately for appellant's argument, one essential factor is missing in this case: continued disability. The administrative law judge found that appellant had not proved that the disability from his injury continued. The *Argonaut* case is, therefore, inapplicable and the presumption never arose.

3. In a final enumeration of error, appellant complains that the administrative law judge required him to prove beyond a reasonable doubt that any present disability is causally connected to the earlier injury. The attacked portion of the award is the last finding by the administrative law judge: "I further find that the claimant has not shown by a preponderance of the evidence that he has undergone a change in condition and has not shown that any disability that he now has is a result of the injury he sustained on December 4, 1974." Appellant urges that the administrative law judge's failure to specify the standard of proof concerning disability indicated that something other than "a preponderance of the evidence" standard was required. We will not make such a strained construction. "As has been said, legal precision and nicety in the award are not to be required, and where an intent and meaning can be given to the award which will uphold it rather than defeat it, such intent and meaning should be adopted. [Cits.]" *Employers Ins. Co. v. Brackett,* 114 Ga. App. 661, 663 (152 SE2d 420).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED JUNE 8, 1977 — DECIDED JUNE 24, 1977.

*George & George, William V. George,* for appellant.
*Savell, Williams, Cox & Angel, Mark S. Gannon, Lawson A. Cox, II,* for appellees.