### 54239. MISSION INSURANCE COMPANY et al. v. WARE.

BIRDSONG, Judge.

Appellant, insurance carrier for the employer of the deceased employee in this workmen's compensation claim, appeals the affirmance by the superior court of an award in favor of the employee by the State Board of Workmen's Compensation (board), which, in a split decision, reversed the denial of the employee's claim by the administrative law judge. The issues presented are: (1) whether the board erred in excluding from the evidence the results of a blood test showing a .20 blood-alcohol level, and (2) whether the evidence supports the board's finding that deceased's death was not caused by wilful misconduct.

The evidence is undisputed that the deceased, Ware, was in the employ of Wisham and Hall Lumber Company, and at the time of his death was engaged in such employment while driving his employer's truck loaded with lumber. On the date of the accident, at approximately 11:45 a.m., the deceased arrived at the plant where he was to pick up a load of lumber. He was observed at that time by several employees of Georgia-Pacific, all of whom testified that they neither smelled alcohol on deceased nor otherwise observed anything unusual about him. Ware loaded and secured his cargo uneventfully and departed at approximately 1 p.m.

Later that afternoon, a state highway patrolman arrived at the scene of the accident, where he found the deceased's truck, still on its wheels, to the left of the road with lumber strewn along the shoulder. Deceased, at the

time still living, was being placed inside an ambulance, which took him to the county hospital where he was pronounced dead on arrival. The ambulance driver also testified that he was unable to detect the odor of alcohol on deceased.

The patrolman's investigation revealed no evidence whatsoever as to the cause of the accident, nor were any witnesses produced. No skid marks were observed; the patrolman simply issued a "blanket charge" of "driving too fast for conditions." The patrolman then telephoned the patrol station and asked that they call the county hospital to request that a blood sample be taken from deceased. This procedure was performed by a lab technician, and subsequent titration analysis revealed a blood-alcohol content of .20 per cent. The board ruled that, inasmuch as the patrolman failed to secure the blood sample in question through a medical examiner, as provided in Code Ann. § 21-227 (Ga. L. 1974, p. 561), he had failed to comply with the requirements contained therein, and the blood-alcohol test results were, therefore, inadmissible. *Held:*

1. Appellant enumerates as error the board's refusal to consider the results of the blood-alcohol test. Without reaching the merits of this contention, we note that the board specifically stated that ". . . even if the blood test evidence [were] admissible the outcome of the case would be the same because a majority of the board is convinced that the weight of evidence rebuts the presumption of intoxication and shows that deceased was not intoxicated at the time of his accident." The rule is well-settled that error, to require reversal, must be harmful. *Dismuke v. State,* 142 Ga. App. 381, 385 (236 SE2d 12).

More importantly, one of the cardinal principles followed by this court in workmen's compensation cases is that neither this court nor a superior court has the authority to substitute itself as a fact-finding body in lieu of the board. *Employers Ins. Co. v. Amerson,* 109 Ga. App. 275 (136 SE2d 12). This court lacks the authority to set aside an award based on facts found by the board. *Speight v. Container Corp.,* 138 Ga. App. 45, 46 (225 SE2d 496); *Turner v. Baggett Transp. Co.,* 128 Ga. App. 801 (3) (198 SE2d 412); *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305

(3) (121 SE2d 689); *Dept. of Revenue v. Graham,* 102 Ga. App. 756 (2) (117 SE2d 902); *Hartford Acc. &c. Co. v. Davis,* 73 Ga. App. 10 (1) (35 SE2d 521). Upon appeal from an award of the State Board of Workmen's Compensation granting compensation, the evidence must be construed in a light most favorable to the party prevailing before the board. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180). Assuming, arguendo, the admissibility of the blood-alcohol test results, the board felt that any presumption created by such evidence would be outweighed by the evidence indicating a lack of intoxication. Thus, even if the board had considered the blood-alcohol test results, it would not have been bound by a presumption of intoxication. *Lockhart v. Liberty Mut. Ins. Co.,* 141 Ga. App. 476 (233 SE2d 810). Clearly, there was "some evidence" of nonintoxication, which, under the foregoing analysis, precludes this court from substituting its judgment. *Speight v. Container Corp.,* supra. Appellant's contention is without merit.

2. Appellant urges that the board erred in disregarding the uncontradicted testimony of the investigating patrolman to the effect the deceased was driving too fast for conditions, which, appellant argues, would constitute wilful misconduct. The legal essence of this contention is that the evidence does not support the board's finding that deceased's death was not caused by wilful misconduct. Preliminarily, we note that this court has held that ". . .evidence of excessive speed standing alone, is not enough to establish wilful and wanton misconduct." *Dept. of Public Safety v. Collins,* 140 Ga. App. 884, 886 (232 SE2d 160). Furthermore, the patrolman's testimony concerning deceased's speed of travel, even when given expert status, remains only opinion and is not binding upon the board,". . .[which] may give credence to such opinions to the extent [it] see[s] fit to do so." *Dept. of Revenue v. Graham,* 102 Ga. App. 756 (2a), supra. See *Birge v. State,* 142 Ga. App. 735, 736 (1). Other than the patrolman's conjecture, the accident was unexplained and the board chose to rely upon the presumption that, when an accident, otherwise unexplained, occurs in the course of employment, the accident is compensable. *Lockhart v. Liberty Mut. Ins. Co.,*

supra, p. 480; *Hartford Acc. &c. Co. v. Cox,* 101 Ga. App. 789 (115 SE2d 452); *Unigard Ins. Co. v. Elmore,* 137 Ga. App. 665, 666 (224 SE2d 762). Where the judgment of the board is proper and legal for any reason, it will be affirmed, regardless of the reason assigned. *Lockhart v. Liberty Mut. Ins. Co.,* supra, pp. 480-481; *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405). There is no error.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JULY 7, 1977 — DECIDED SEPTEMBER 29, 1977 —
REHEARING DENIED OCTOBER 18, 1977.

*Savell, Williams, Cox & Angel, Cullen Hammond,* for appellants.
*Knox & Evans, Robert E. Knox,* for appellee.