### 57108. NATIONWIDE MUTUAL INSURANCE COMPANY et al. v. PORTER.

DEEN, Chief Judge.

The claimant in this workers' compensation case suffered from a sprained or ruptured vertebral disc which eventually required surgical procedures. The only question in the record is whether the injury was employment-related. The administrative law judge, examining the whole record, found that the injury was not work-related, based, as it appears, on discrepancies in the testimony. The claimant told of an accident at a certain address, but he was not there at the time stated; he did not mention any accident to either examining physician; the length of time he had been suffering seemed contradictory; certain health insurance forms stated that the claim did not arise out of the employment, and the supervisor preparing them stated she was not informed of any accident. The health insurance forms were admitted

over objection, the administrative judge specifying that he was not considering them as medical evidence, but found them admissible and relevant only to the question of the amount of credit to be given the plaintiff's testimony.

On appeal, the full board remanded for the taking of further testimony and, after considering it, affirmed the award as written. The superior court judge to whom it was then appealed held that the statements in the forms were hearsay and reversed the case with the holding that a decision should be made without any consideration of their contents.

A reading of the entire transcript in connection with the various awards and opinions makes the following clear:

1. (a) The additional evidence offered after the remand by the full board added nothing of importance to the transcript of evidence.

(b) An additional consideration of the record after ruling out the health insurance claim forms would add nothing because the claimant's supervisor, who filled out the forms based on what the claimant and/or his wife told her testified positively on two occasions that when the claimant first recounted the incident in which he now states his injury was received, he did not indicate that he had suffered a back injury while going over a fence into a customer's yard.

(c) Even if the statement in the forms should not technically have been considered as an admission by the claimant, and even if this could, in view of the other discrepancies noted by the administrative law judge, be itself a sufficient ground for remand, it is clear from the award that other contradictions affected the credibility of the claimant in the judge's opinion and also that, since he relied in part on the intelligence and truthfulness of the supervisor's direct testimony, the deletion of the forms, if prepared by her, would in no way affect his judgment.

2. Where there is legal evidence in the record supporting the findings and award made by the board, the superior court is not authorized to remand the matter for further findings or award. *Turner v. Baggett Transportation*, 128 Ga. App. 801 (3) (198 SE2d 412)

(1973), followed in *Mission Ins. Co. v. Ware,* 143 Ga. App. 550 (1) (239 SE2d 162) (1977). Although Code Ann. § 114-707 provides the opportunity for opposing counsel to object to medical reports, it does not provide a new ground of appeal based on the contention that evidence was illegally admitted or excluded, as contended here. Code § 114-710. The most that the superior court or this court can do is, if it finds a significant misstatement of testimony in the finding of facts which in all likelihood erroneously influenced the award, to remand the case for further consideration. *Aetna Ins. Co. v. Jones,* 125 Ga. App. 471 (188 SE2d 180) (1972). In this case, it clearly appears from the award that either the claimant, his wife, or his supervisor filled in blanks stating that this disability was not accident-connected. If the employee did so or if his wife did so at his direction this is an admission against interest. If the supervisor did so, her testimony was that she understood from her conversations with the claimant and his wife that such was the case. And the law judge further stated that he admitted the documents only as bearing on the issue of credibility, with a further indication that he accepted as true the testimony of the supervisor.

It was accordingly error for the superior court to reverse the award of the full board denying compensation.

*Judgment reversed. Quillian, P. J., Shulman, Birdsong and Underwood, JJ., concur. McMurray, P. J., Smith, Banke and Carley, JJ., dissent.*

ARGUED JANUARY 10, 1979 — DECIDED APRIL 13, 1979 —
REHEARING DENIED JULY 3, 1979 —

*Awtrey & Parker, Donald A. Mangerie, Toby B. Prodgers,* for appellants.

*G. Robert Howard,* for appellee.

McMURRAY, Presiding Judge, dissenting.

On or about November 4, 1976, the claimant in this workers' compensation case was employed both on the inside (a desk job) and outside of the employer's place of

business (collection of delinquent accounts). While on a routine call to a customer with reference to electrical service at a dwelling house, claimant jumped a fence and fell flat on his back, and as he lay there a "Doberman pinscher was licking him in the face." He reported this fact to his supervisor, however she (supervisor) contends he did not claim he was injured. She remembered he did relate an incident involving a Doberman pinscher. He contends he reported at that time that he injured his back. This fact is also sustained by a fellow employee (testifying at the second hearing) who testified that he was present on or about November 4, 1976, in the office with the supervisor and that this statement was made by the claimant in a conversation he overheard between the supervisor and the claimant. Of course, this information is not denied by the employer/insurer, but merely that it was not a report of injury.

On or about the following 12th or 13th of November, 1976, after experiencing pain in his back he obtained permission to visit a doctor for treatment. Notice of visits to the doctor were well remembered by the supervisor, although the exact date during the month of November was not remembered. But she contends he still did not report it to her as an accident resulting in injury to his back. However, she was well aware that thereafter his back was operated on and he was in the hospital the day before Thanksgiving, also occurring during the month of November of that year.

Based upon the three week history of pain in his back and left leg claimant was treated, hospitalized and operated on for a ruptured disc in his back. See *Foster v. Continental Cas. Co.,* 141 Ga. App. 415, 417 (5) (233 SE2d 492), as to the admission in evidence of his medical reports.

On July 13, 1977, the administrative law judge heard the case as to "whether such medical expense and disability stemmed from an on the job accident or from some other cause."

The claim was then denied because of "conflicts in the evidence and the inconsistencies and contradictions in the testimony on behalf of the claimant." The administrative law judge then set forth the same which involved the

exact date he hurt his back, when he was first seen by a doctor, failure to tell the doctor about "the fall on his back" and his wife's (the claimant's) filling out of the insurance form as "a person with intelligence enough to distinguish the difference between a workmen's compensation claim and a health insurance claim," which she signed for her husband in blank. The administrative law judge then held "she is certainly chargeable with notice that a claim for group health insurance benefits does not constitute a claim for workmen's compensation benefits," and then denied compensation. It is noted that he did not charge claimant with this knowledge, but the result was the same as charging him with these acts as to the form.

On appeal to the full board it remanded for additional testimony from a Doctor Hammonds (the original doctor to whom the claimant went for treatment), claimant's fellow employees, and other available evidence as to how claimant failed immediately to secure medical treatment (that is, during the period between the first and last of November, 1976). Very little additional evidence was forthcoming and the board, with one member dissenting, thereafter adopted the findings of the administrative law judge and denied the claim.

On appeal to the Superior Court of Cobb County the claim was remanded to the board for consideration of the case without the hearsay statements contained in the insurance forms to which counsel for claimant had objected, as the board had given considerable consideration to these forms as to "claimant's condition, diagnosis, opinions on claimant's condition and on the cause and relation to work of claimant's condition," thus denying the case on an erroneous legal theory.

The majority reverses, and seemingly does so because the health insurance forms "stated that the claim did not arise out of the employment, and the supervisor . . . was not informed of any accident." I submit there is not one scintilla of evidence that the claimant's back injury occurred from some other cause than a job-related one. The claimant's positive testimony is that his injury arose out of and in the course of his employment (aggravation or otherwise) and, in my opinion has not been overcome by any testimony. Certainly in the very beginning, if one

falls and feels no pain in his back, yet several days later, a week, two weeks or three weeks, without any other evidence to contradict it, one develops pain in his back it logically follows that one's back was hurt in the fall. None of this testimony has been refuted. Information as to this was given the supervisor. "An employee should not be penalized because he did not consider his injury serious enough to contend immediately that he was entitled to compensation." *Railway Express Agency, Inc. v. Harper,* 70 Ga. App. 795, 796 (29 SE2d 434). The employer was thus aware that he had fallen; and he thereafter sought medical attention (although the supervisor still contends she did not know he was claiming he was hurt in the fall). But thereafter within 30 days his back was operated upon for disc trouble, and it cannot be said that the supervisor had no knowledge of this when she visited him in the hospital with regard thereto. The circumstantial evidence as to notice is positive as it was in the finding of the administrative law judge that there was proper notice. See *Clark v. Fireman's Fund Ins. Co.,* 131 Ga. App. 809 (207 SE2d 222); *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 780 (227 SE2d 405).

Notice is simply no longer in question here under the cases cited above for claimant had 30 days to file same. See Code § 114-303. Further, employer was well aware he had fallen over a fence sometime in November, 1976; that he had gone to the doctor during that month and that he was hospitalized for a disc operation. This certainly put the employer on notice of injury within 30 days of same. Indeed, aggravation continued even after the so-called jumping of the fence as he continued to work. He testified that he notified the supervisor of the accident. She testified he told her, "he jumped over a fence," fell flat on his back (the dog licking his face) and that he later asked to get off to see a doctor, his wife calling in to tell her he "had been hurt," was hospitalized and had his back operated on; and she visited him while he was in the hospital, yet she contends he did not tell her an injury occurred when he jumped the fence and fell, although "he may have said all of that that day." As to a question by the administrative law judge as to whether the dog could not have been licking him in the face "unless he was lying on

the ground . . .," she answered, "That's right." Claimant's testimony is simply not refuted or rebutted, and the supervisor's testimony must be construed to show actual knowledge.

The health insurance forms, considered by the administrative law judge, stated that the claim did not arise out of the claimant's employment. The majority states that the health insurance claim forms were filled out by the claimant's supervisor. The record does not reflect this. Mrs. McGill, claimant's supervisor, testified that she took the blank forms from the employer's bookkeeping department to the hospital in an envelope to Mr. Porter and that to her knowledge there was nothing filled out on the forms. Mrs. McGill testified that she did not fill the forms out and did not do anything but carry them to him. Indeed, Mrs. McGill testified that "Mrs. Lawson in our bookkeeping department fills out any type of information on it [the insurance forms]." Construing the testimony of the claimant, his wife and Mrs. McGill in a manner assuming truthfulness on the part of each of these witnesses, a strong inference arises that the blanks were indeed filled in by Mrs. Lawson.

If such is the case it cannot be denied that consideration of the health insurance forms by the administrative law judge was both incorrect and prejudicial. The superior court was correct in ruling that an erroneous theory of law had been applied in permitting the health insurance forms into evidence.

The award being predicated upon the application of an erroneous theory of law because the board did not consider all the evidence in the light of correct and applicable legal principles, the case was properly remanded to the board for further findings. *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191, 193 (1) (225 SE2d 778).

Furthermore, the board was in error in adopting the administrative law judge's determination that the testimony of the claimant's wife that the forms were blank when she signed them went only to the credibility of the admissions on the form. This assertion is analogous to a denial of execution of a document and therefore burden shifting to the employer/insurer. See *Colt Co. v. Butler,* 29

Ga. App. 396 (2) (115 SE 503); *Thompson v. Wilkinson,* 9 Ga. App. 367 (1) (71 SE 678); *Ga. Steel Co. v. White,* 136 Ga. 492 (1) (71 SE 890). The employer has presented no evidence to refute the assertions that the forms were signed in blank. Therefore, their admission was erroneous.

For these reasons, I respectfully dissent.

I am authorized to state that Judge Smith, Judge Banke and Judge Carley join in this dissent.