66724. GASTON et al. v. TATE.

SOGNIER, Judge.

Appellants Mary Gaston and Richard McAllister filed a petition to foreclose on a 1975 Freightliner tractor (truck) leased to Tate after he allegedly defaulted on a monthly payment. Under the provisions of the agreement Tate made payments directly to Gwinnett Bank & Trust, which held a lien on the tractor as security for a loan to appellants. Appellants also sought the balance due under the lease

agreement plus $24,000, the alleged value of the tractor.

Prior to trial, appellee paid the balance due the bank and tendered $705.44, the full balance due appellants, to their attorney. The tender was refused and the money was placed in escrow. After a jury trial a verdict was rendered for appellants in the amount of $705.44 and they appeal, contending the verdict and judgment is contrary to the law and the evidence, and, therefore, the trial court erred by denying their motion for a new trial.

OCGA § 13-4-24 (Code Ann. § 20-1105) provides, in pertinent part: "A tender properly made may be equivalent to performance. The tender must be certain and unconditional . . . and may be made by an agent and to an agent authorized to receive. The tender must be in full payment of the specific debt . . . and may be made at any time before trial." In discussing this provision we have held that "the rule, recognized by most of the authorities, is that upon the proper tender being made, while the original debt may continue, the lienor is entitled to a satisfaction of the lien or to be restored to possession of the property. One of the ways for enforcing this right is the provision that the refusal of a proper tender discharges the lien. The debt continues, 'but the tender is equivalent to payment as to all things which are incidental or accessorial to the debt. The creditor by refusing to accept does not forfeit his right to the thing tendered (money), but he does lose all collateral benefits or securities.' [Cit.]" *Lanier v. Romm,* 131 Ga. App. 531, 535 (2) (206 SE2d 588) (1974). Our Supreme Court has also held that where payment is refused when legally tendered, such tender satisfies the statutory requirement of payment. *Anderson v. Barron,* 208 Ga. 785, 793 (2) (69 SE2d 874) (1952). Since appellee made a proper tender of the full amount due and it was refused, appellants lost any collateral benefits they may have had under the agreement and the tender constituted payment in full. Accordingly, the trial court did not err by denying appellants' motion for a new trial.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 28, 1983 —
REHEARING DENIED DECEMBER 15, 1983 —

*G. Hughel Harrison,* for appellants.
*Wynn Pelham,* for appellee.